[Crim. No. 12573. Fourth Dist., Div. Two. Oct. 6, 1981.]

THE PEOPLE, Plaintiff and Respondent, v.
SAMUEL BORUNDA, Defendant and Appellant.

COUNSEL

Proctor & McNerney and Gary L. Proctor for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Steven V. Adler and Michael D. Wellington, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

GARDNER, P. J.—Defendant was charged with 46 counts of robbery. (Pen. Code, § 211.) Each count contained a firearm use allegation. (Pen. Code, § 12022.5.) He pled guilty to 32 counts and admitted the use allegation in each instance. He was sentenced to seventeen years in prison—a four-year upper term on one count of robbery, plus a two-year enhancement for the armed allegation, and one-third of the midterm as to each of eleven consecutive sentences. The remaining counts were ordered stayed pending appeal and completion of the sentence.

The issue on appeal is one which ranks among the worst headaches for appellate courts in California. ■ Defendant contends that under the rationale of *People* v. *Harvey* (1979) 25 Cal.3d 754 [159 Cal.Rptr. 696, 602 P.2d 396], there is a five-year "lid" on his consecutive sentences under Penal Code section 1170.1, subdivision (a). This would reduce his sentence from 17 to 11 years. However, *Harvey* did not discuss the consecutive sentence lid issue, and we decline to extend its reasoning here. In short, we reject defendant's claim that *Harvey* means all armed robberies after the first six are on the house.

Some historical overview is in order. In 1977, the Legislature amended Penal Code section 1170.1, subdivision (a) to provide in part: "The subordinate term for each consecutive offense shall consist of one-third of the middle term of imprisonment prescribed for each other felony conviction for which a consecutive term of imprisonment is imposed, and shall exclude any enhancements when the consecutive offense is not listed in subdivision (c) of section 667.5, but shall include one-third of any enhancement imposed pursuant to Section 12022, 12022.5 or 12022.7 when the consecutive offense is listed in subdivision (c) of Section 667.5."

That section referred to Penal Code section 667.5, subdivision (c)'s definition of "violent felonies," which stated, "For the purpose of this section, 'violent felony' shall mean any of the following: [¶] (1) Murder or voluntary manslaughter. [¶] (2) Mayhem. [¶] (3) Rape as defined in subdivisions (2) and (3) of Section 261. [¶] (4) Sodomy by force, violence, duress, menace, or threat of great bodily harm. [¶] (5) Oral copulation by force, violence, duress, menace, or threat of great bodily harm. [¶] (6) Lewd acts on a child under 14 as defined in Section 288. [¶] (7) Any felony punishable by death or imprisonment in the state prison for life. [¶] (8) Any other felony in which the defendant inflicts great bodily injury on any person other than an accomplice which has been charged and proved ... or any felony in which the defendant uses a firearm which use has been charged and proved ...."

The Supreme Court in *Harvey* was faced with the question of whether a consecutive, subordinate charge of armed robbery could be enhanced with a firearm use allegation. Subdivision (a) of Penal Code section 1170.1 mandated an enhancement for firearm use, but only if the crime for which the term was imposed was a "violent felony" as defined in subdivision (c) of Penal Code section 667.5.

Armed robbery was not listed in section 667.5, subdivision (c), but rather fell into the catchall category, section 667.5, subdivision (c)(8). Taking section 667.5 most literally, every felony in which a firearm use has been charged and proven is a violent felony. *Harvey* considered this "troublesome anomaly"—"as so interpreted, section 1170.1 would permit enhancement for firearm use *in any case involving firearm use*, thereby seeming to render wholly unnecessary the section's specific statutory reference to the various felonies described in section 667.5 subdivision (c)." (*Id.*, 25 Cal.3d at p. 761.) *Harvey* held that "the evident legislative intent underlying section 1170.1 subdivision (a), was to allow enhancement of the consecutive offense only in certain *limited* situations, namely where the conduct for which such enhancement is sought (e.g., firearm use) occurred in the course of commission of a violent felony (such as murder, mayhem, rape, etc.). We think it is unlikely that the Legislature intended to impose an enhancement for firearm use or great bodily injury in every case involving such factors, given the statutory reference in section 1170.1 subdivision. (a) to section 667.5." (*Ibid.*) Thus, *Harvey* determined the subordinate armed robbery count could not be enhanced.

As is now well known, the Legislature promptly passed an emergency statute abrogating the holding in *Harvey*, and declaring that it was always the legislative intent that such enhancements were not limited to those felonies enumerated in subdivision (c)(1)-(7) of Penal Code section 667.5. (Stats. 1980, ch. 132, § 2, p. 305, urgency, eff. May 29, 1980.)

The more deeply rooted problem in *Harvey* revolved around the blending of two statutes containing peculiarly inconsistent treatment of firearm use. Section 667.5, subdivision (c), when read to the letter, provides that *all* felonies in which a firearm is used are "violent felonies." Yet the language of section 1170.1, subdivision (a) which specifies what enhancements can be added (e.g. §§ 12022, 12022.5, 12022.7) decidedly leaves the impression that not all felonies in which a firearm is used are to be enhanced.

This vexing inconsistency with respect to enhancements simply does not exist with regard to the five-year lid on nonviolent felonies, contained in the fourth sentence of Penal Code section 1170.1, subdivision (a). That sentence reads: "In no case shall the subordinate terms for such consecutive offenses which are not 'violent felonies' as defined in

subdivision (c) of Section 667.5 exceed five years." Looking at the express language of the five-year lid, it is apparent that the legislative intent was to exclude all "violent felonies" specified in section 667.5, subdivision (c) from the operation of the five-year lid. Section 667.5, subdivision (c)(8) refers to any felony with an enhancement under section 12022.5. This is precisely the kind of crime defendant pled guilty to 32 counts of.[1]

In spite of this express language, *People* v. *Childs*, 112 Cal.App.3d 374 [169 Cal.Rptr. 183] applied *Harvey* to this situation. We do not find the analysis in *Childs* persuasive.[2] We find no ambiguity nor any "close and subtle" question presented. We decline to interfere with the clear cut decision of the Legislature that the five-year lid simply does not apply to those having been convicted of using a firearm in the conviction of a felony. To us, the legislative intent is clear. There is no reason for judicial interpretation and no possible excuse for applying the rationale of *Harvey* to this situation. It is obvious that the Legislature takes a dim view of dangerous, assaultive, armed criminals and has afforded trial courts the opportunity to imprison these individuals for prolonged periods of time for the protection of society. On the other hand and with a recognition of human frailty involved in offenses which do not necessarily endanger the victim physically, the Legislature has put a lid on time to be served. Thus, a defendant who passes 100 bad checks can only receive 5 years in consecutive sentences. An armed robber who endangers the lives of his victims by the use of a deadly weapon may receive as many consecutive sentences as the court finds reasonably required for the protection of innocent members of society.

---

[1]According to Winston Churchill, a preposition is something one should never end a sentence with.

[2]Neither did Division One of this court in *People* v. *Hernandez**  (Cal.App.). Unfortunately, *Hernandez* reached the same conclusion that *Childs* did but under an even more troublesome analysis. It concluded that since the Supreme Court had denied a hearing in *Childs* and ordered *In re Rodriguez*† (Cal.App.) and *People* v. *Harvey*‡ (Cal.App.) (cases which went the other way) decertified, that somehow this created an ambiguity which they resolved in favor of the defendant. Then the Supreme Court granted a hearing in *Hernandez*. The remaining contestants are *Childs* and this court.

We assume, as did the Court of Appeal in *Hernandez*, that Rules of Court, rule 977, prohibiting the citation of an unpublished opinion, does not bar our mentioning these opinions in this context.

---

*Reporter's Note: Hearing granted, for Supreme Court opinion see Cal.3d 402 [179 Cal.Rptr. 239, 637 P.2d 706].

†Reporter's Note: Deleted on direction of Supreme Court by order dated February 25, 1981.

‡Reporter's Note: Deleted on direction of Supreme Court by order dated April 9, 1981.

As we indicated earlier, it was clearly not the legislative intent that as a matter of state policy all armed robberies after the first six are free and unpunishable.

Judgment affirmed.

Tamura, J., and Morris, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 30, 1981.