955 F.2d 48
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ernest R. ROYBAL, Petitioner-Appellant,
v.
B.J. BUNNELL, Superintendent; Attorney General of the State
of California, Respondents-Appellees.
 No. 90-55200.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 3, 1992.*
Decided Feb. 20, 1992.
 
 Before TANG, KOZINSKI and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ernest R. Roybal, a California state prisoner, appeals the dismissal of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Roybal contends that his sentence was imposed in violation of the Constitution's proscription against state ex post facto laws. He further argues that an evidentiary hearing is necessary to determine the effect of stayed sentence enhancements alleged to be ex post facto. We affirm.
 
 
 3
 * Under California's sentencing scheme, there is a five-year cap on the aggregate term of consecutive sentences imposed for counts of conviction subordinate to the principal count. Cal.Penal Code § 1170.1. Roybal seeks to avail himself of this five-year cap by challenging on ex post facto grounds the exception permitting an aggregate term in excess of five years.
 
 
 4
 On the day Roybal committed the crimes for which he is imprisoned, Cal.Penal Code § 1170.1 read in pertinent part as follows: "In no case shall the total of subordinate terms for consecutive offenses not listed in subdivision (c) of section 667.5 exceed five years." Among the offenses listed in section 667.5(c) are "felon[ies] in which the defendant uses a firearm which use has been charged and proved as provided in Section 12022.5." Cal.Penal Code § 667.5(c)(8). Because firearm use was alleged and proved as to every count on which Roybal was convicted, he cannot avail himself of the five-year cap set out in section 1170.1.
 
 
 5
 Roybal contends, however, that the version of section 1170.1 in effect at the time of his crimes must be interpreted in light of the decision in People v. Harvey, 602 P.2d 396 (Cal.1979), rendered one month earlier. According to Roybal, convictions for which firearm use had been pleaded and proved remain subject to the five-year cap set out in section 1170.1 when that section is read in light of Harvey. Subsequent to Roybal's crimes, however, the California Supreme Court rejected this interpretation of section 1170.1. People v. Hernandez, 637 P.2d 706 (Cal.1981). In essence, the question presented by Roybal is whether the Hernandez decision can be applied retroactively.
 
 
 6
 Roybal's claim concerning retroactive judicial decisions must be analyzed under the Due Process Clause of the Fourteenth Amendment, rather than the Ex Post Facto Clause of Article I, Section 10. State judicial decisions are not subject to the constitutional prohibition against ex post facto legislation, Camitsch v. Risley, 705 F.2d 351, 355 (9th Cir.1983), but state courts are "barred by the Due Process Clause from achieving precisely the same result by judicial construction," Bouie v. City of Columbia, 378 U.S. 347, 353-54 (1964).
 
 
 7
 "The principle underlying Bouie ... is that due process forbids the imposition of criminal penalties against a defendant who had no fair warning that his conduct violated the law." Darnell v. Swinney, 823 F.2d 299, 301 (9th Cir.1987), cert. denied, 484 U.S. 1059 (1988). The same principle obtains when a defendant may have known that his conduct was illegal, but had no fair warning that a particular penalty could attach. Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.) (entertaining challenge to state court's imposition of consecutive sentences "as an ex post facto broadening of [a] sentencing statute"), cert. denied, 493 U.S. 942 (1989). In either case, foreseeability of the judicial decision is the test for determining whether retroactive effect of the decision violates due process. Bouie, 378 U.S. at 352-55; Oxborrow, 877 F.2d at 1399. "If a judicial construction of a criminal statute is unexpected and indefensible by reference to the law which had been expressed prior to the conduct at issue, it must not be given retroactive effect." Bouie, 378 U.S. at 354 (quotation and citation omitted); accord Oxborrow, 877 F.2d at 1399.
 
 
 8
 Applying these principles to the present case, we find the decision in Hernandez to be foreseeable. In itself, section 1170.1 gives fair warning of the interpretation of the five-year cap ultimately rendered in Hernandez. See Hernandez, 637 P.2d at 709; People v. Borunda, 177 Cal.Rptr. 274, 275-76 (Cal.Ct.App.1981). Harvey did not detract from this warning such that retroactive application of Hernandez amounts to a due process violation.[1]
 
 II
 
 9
 Under the law in effect at the time of Roybal's crimes, consecutive sentences on subordinate counts of conviction could not be enhanced simply on the basis that the state had pleaded and proved the use of a firearm relating to the subordinate count or counts. Harvey, 602 P.2d at 399-400. Roybal believes that he received enhanced sentences on his subordinate counts of conviction pursuant to a statute passed after he committed his crimes, although he apparently concedes that any such enhancement was stayed.
 
 
 10
 On appeal to this court, Roybal asserts that the district court agreed with him that any such enhancement would be ex post facto, and that the court dismissed Roybal's petition on the ground that the enhancements on Roybal's subordinate counts had been stayed. He contends that dismissal without an evidentiary hearing was error because even a "stayed" enhancement might have some effect illegal under the Ex Post Facto Clause of Article I, Section 10.
 
 
 11
 Roybal's argument here is meritless. First, in refusing to grant a certificate of probable cause, the district court rejected the argument (contrary to Roybal's assumption) that an enhancement based on the 1980 amendment to section 1170.1 would be ex post facto. Second, even assuming that such an enhancement would be ex post facto, the record discloses that no such enhancement was imposed upon Roybal, and therefore no such enhancement was "stayed." The only enhancement Roybal received pertained to the sentence on his principal count of conviction. Thus, the district court did not abuse its discretion in denying Roybal an evidentiary hearing.
 
 The judgment of the district court is
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The foregoing discussion assumes that Roybal was sentenced under the version of section 1170.1 in existence at the time of his crimes. In 1980, section 1170.1 was amended for the purpose of rescinding the decision in Harvey. Because the Hernandez court did not follow Harvey in interpreting the five-year cap contained in the previous version of section 1170.1, there is no reason to believe that the five-year cap operates any differently under the new statute as under the old. Indeed, the language of the two provisions is nearly identical. Therefore, if Roybal was sentenced under the amended statute, his ex post facto attack on the retroactive application of a legislative action fares no better than his attack on the retroactive application of the Hernandez case. See Dobbert v. Florida, 432 U.S. 282, 294 (1977) ("It is axiomatic that for a law to be ex post facto it must be more onerous than the prior law.")