[S. F. No. 3109. Department One.—November 26, 1904.]

## B. P. WALL, Respondent, v. BOARD OF DIRECTORS OF DEAF, DUMB, AND BLIND ASYLUM, etc., et al., Appellants.

DEAF, DUMB, AND BLIND ASYLUM—POWERS OF BOARD—REMOVAL OF PHYSICIAN.—The board of directors of the deaf, dumb, and blind asylum having elected a physician, who, under subdivision 4 of section 2255 of the Political Code, is to be elected for the term of two years, have no power to remove him during the term prescribed. The power given by subdivision 5 of that section, "to remove, at pleasure, any teacher or employee," is to be construed as referring only to employees or officers of a like kind or class with the teachers who hold without fixed term, and not as including the physician, whose term of office is fixed, and whose removal is provided for only by section 772 of the Penal Code.

ID.—BY-LAWS OF BOARD—POWER OF REMOVAL.—The board having no power under the statute to remove its physician during the term for which he was elected, could not confer such power upon itself by its by-laws.

ID.—TIME OF ELECTION—REPEAL OF BY-LAWS—PRESUMPTION OF REGULARITY.—The fact that the time of the election of the physician did not occur on the day prescribed in the by-laws is immaterial where it appears that the by-laws had been previously repealed under proceedings for repeal which must be presumed to have been regular.

ID.—RETROSPECTIVE ELECTION.—Assuming that the board had no power to elect the physician retrospectively for the period which had elapsed at the time of election, the result would be merely that his term of two years would either commence at the date of the election or would be proportionately shortened; whether it would be one or the other, it is deemed unnecessary to determine.

ID.—COMPENSATION OF PHYSICIAN.—The term "employees" used in subdivision 6 of section 2255 of the Political Code, giving power to the board "to fix the compensation of teachers and employees," may be deemed used in a larger sense so as to include the compensation of the physician. The same words may have different constructions to effectuate the intention of the act. Nor is it clear that in the absence of statutory provision the power to elect an officer does not carry with it the power to provide for the compensation of the officer.

APPEAL from a judgment of the Superior Court of Alameda County. John Ellsworth, Judge.

The facts are stated in the opinion.

A. A. Moore, and E. Nusbaumer, for Appellants.

Charles A. Shurtleff, and Whitworth & Shurtleff, for Rerespondent.

SMITH, C.—The plaintiff was elected by the defendant, June 2, 1899, "to serve as physician of the institution for a term of two years, from and after April 2, 1899, at a salary of $1,200 per year; but by an order of the board, of date Sept. 29, 1899, the office was declared vacant, and another physician appointed." This proceeding was commenced to test the validity of the latter order; which in the court below was adjudged to be void. The appeal is from the judgment. There is a bill of exceptions in the record, on which, it is claimed, that, in certain particulars to be adverted to, the evi-

dence was insufficient to justify the findings. The points urged by the appellant are: 1. That under the by-laws of the board, it had the power to remove any officer or employee at will; 2. That it had the power to remove the plaintiff under the provisions of section 2255 of the Political Code, prescribing the powers and duties of the board; and 3. That the plaintiff was not legally elected.

But of these the first is manifestly untenable; for if, under the statute, the board had no power to remove the plaintiff, it could not confer such power on itself by its by-laws. And with regard to the third, it is equally clear that, on the evidence produced, the court was justified in finding that the plaintiff was legally elected. The record of his election is set out in defendant's answer; and if it be true that the election did not take place on the day prescribed by the by-laws—as is claimed by appellant—the fact would be immaterial, if the by-laws had been previously repealed; and that such is the case is expressly found by the court, and, we think, on sufficient evidence. It is indeed objected that the order of repeal was not passed by unanimous vote (which is true), and that it does not appear that the month's notice of intention to repeal, otherwise required by the by-laws, had been given. But the presumption is, that the proceedings were regular (Code Civ. Proc., sec. 1963, subd. 15), and in the absence of evidence to the contrary the court was justified in so finding. Another objection urged is, that the board had no power to elect the plaintiff retrospectively for the period which had elapsed at the time of the election; which is perhaps true. But if this be so, the result would be merely that his term of two years would either commence at date of election, or would be proportionately shortened; whether the one or the other, need not now be determined.

It remains, therefore, to consider only "the powers of the board," under the statute, which, so far as material, are as follows:—

"2. To elect the principal teacher;

"3. To elect a treasurer, who shall not be a member of the board of directors;

"4. To elect a physician for the asylum, for the term of two years, who shall not be a member of the board of directors;

"5. To remove, at pleasure, any teacher or employee;

"6. To fix the compensation of teachers and employees." (Pol. Code, sec. 2255.)

And by section 2268 it is provided that the principal teacher "is the chief executive *officer* of the asylum, with powers and duties as follows: . . .

"2. With the consent.of the board of directors, to fix the number of and appoint and remove the assistant teachers and employees;

"3. To prescribe and enforce the performance of the duties of the assistant teachers and employees," etc.

Here the express provision is, that the physician shall be elected "for the term of two years"; which implies that he is not to be removed by the board, or otherwise, during the term prescribed; and this implication is strengthened by the failure to provide for a fixed term in the case of the "principal teacher" and "treasurer," who under section 16 of article XX of the constitution—if public officers, and otherwise, upon general principles—will hold only "during the pleasure of the board."

But this can be said only with the qualification that there be no other provision in the act indicating such intention; and such a provision, it is claimed by the appellant, is to be found in subdivision 5 of the section—empowering the board "to remove, at pleasure, any teacher or employee." But, notwithstanding the generality of the term "employee,"—which includes officers (*United States* v. *Maurice*, 2 Brock. 96, Fed. Cas. No. 15747, cited, *Patton* v. *Board of Health*, 127 Cal. 394[1]),—the claim is, we think, untenable. For, upon familiar principles, the coupling of the term "employee" with the antecedent term "teacher" indicates that the former is used in a restricted sense, as applying only to employees "of like kind" with "teachers," or, as otherwise expressed by the author, employees "*ejusdem generis,*" (Broom's Maxims, 565-567, 570); by which is meant some kind or class of employees in which teachers are included—thus excluding classes of employees which do not include them. The terms used by the author, "*kind*" and "*genus,*" refer to the familiar logical distinction between *genus* and *species;* and the principle may be technically expressed by saying that—to apply the maxim

[1] 78 Am..St. Rep. 66.

—the general class or *genus* of employees is to be regarded as divided into two species or kinds, the one excluding, the other including, teachers; and that the term employees is to be construed as referring to the latter class only. Thus, for example, if we regard the *genus, employees,* as divided into the two species of officers and employees not officers, the rule would require that the expression "any teacher or employee" should be construed as excluding the former and applying only to the latter.

This is in fact assumed by both parties; and, accordingly, the question principally discussed in the briefs is whether the physician provided for in the act is, or is not, an officer;— by which is meant a public officer, for that he is an officer cannot be doubted. This is an interesting question, and while, perhaps, not material to the principal question involved, is yet so connected with it as to require discussion. In considering it, it is to be observed, the election of principal teacher, treasurer, and physician is provided for, in identical terms, in three consecutive subdivisions; and from this, and the essential similarity of their employments, these must be regarded as constituting a class apart from other employees, and each as coming within the application of the maxim, *Noscitur a sociis.* It will be proper therefore, first, to consider the question with reference to the class generally, and afterwards to refer to their differences. Pursuing this course, it is to be observed that all these offices are of a permanent nature; that they involve the performance of public functions; and that they are created, and the election of the officers provided for, by the sovereign legislature. Such offices are therefore essentially distinguished from employments existing only in the discretion of the board, and involving the performance of duties more or less casual and temporary; and hence, under any definition of the term, their incumbents may well be regarded as public officers. (*Patton* v. *Board of Health,* 127 Cal. 388;[1] *People* v. *Harrington,* 63 Cal. 257; *People* v. *Wheeler,* 136 Cal. 652.) This is sufficiently manifest with regard to the principal teacher and treasurer; and, indeed, the former is expressly designated in the act as the "chief executive officer" of the asylum. Nor can the case of the physician be distinguished in any essential particular. He

---

[1] 78 Am. St. Rep. 66.

therefore comes clearly within the application of the maxim cited. But whether or not we call the officers named public officers, the same reasons which lead us to distinguish officers from employees, and consequently the same rule, equally applies to them. They must therefore be regarded with reference to the question before us, if not as public officers, at least as *quasi* such. Having regard, therefore, to the intention of the act, it would seem unreasonable to suppose that such officers, or *quasi* officers, come within the purview of the provision in the fifth subdivision of the section. Or, at least, if such a construction be admissible, or even if it be probable, it is not so clearly so as to warrant us in disregarding the express terms of the fourth subdivision of the section, or the intention of the legislature thus clearly manifested that the term of the physician shall be for two years.

It is indeed urged by the appellant that upon this restricted construction of the term "employee" in this and in the sixth subdivision of the section, there would be no provision in the act either for the removal or for the compensation of the officer in question. But as to his removal, that is provided for by the general law, (Pen. Code, sec. 772); otherwise, there would be a defect in the law. As to compensation, assuming that the term "employees" is used in the sixth subdivision in the larger sense, so as to include the officers or *quasi* officers of the institution, yet it would not follow that it is to be so construed in other parts of the act. Such would be the common rule; but, where the occasion demands it, "the same words may have different constructions to effectuate the intention" of the act. (Potter's Dwarris on Statutes, 194-196.) Nor, giving the term in question the restricted construction we have assigned to it, is it clear that the power to elect does not —in the absence of statutory provision—include the power to provide for the compensation of the elected officer (Civ. Code, sec. 3522; Broom's Maxims, 463); and if it be otherwise, all that can be said is, that there is a defect in the law. On the other hand, giving to the appellant's argument all the force that can be possibly given it, it is more than counteracted by the use of the same term in the second and third subdivisions of section 2268 of the Political Code, where the principal teacher is authorized "to *appoint* and *remove* the assistant teachers and employees," and to *prescribe* and *enforce*

their duties; and where the term "employees" cannot be construed as applying to the permanent officers or ·quasi officers of the institution without making these provisions repugnant to other provisions of the act.

We advise that the judgment be affirmed.

Cooper, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed. Shaw, J., Angellotti, J., Van Dyke, J.