[Crim. No. 22157. Dec. 21, 1981.]

THE PEOPLE, Plaintiff and Respondent, v.
ERNESTO HERNANDEZ, Defendant and Appellant.

**COUNSEL**

Katya Giritsky, under appointment by the Supreme Court, for Defendant and Appellant.

Quin Denvir, State Public Defender, and Mark E. Cutler, Chief Assistant State Public Defender, as Amici Curiae on behalf of Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Steven V. Adler, Michael D. Wellington and A. Wells Petersen, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

KAUS, J.—

ISSUE

Penal Code section 1170.1, subdivision (a)[1] contains two cross-references to offenses listed in subdivision (c) of section 667.5.[2] Both relate to the subordinate terms for consecutive offenses. The first mandates that if such offenses are listed in subdivision (c) they are subject to certain enhancements. The second places a five-year maximum on the total of subordinate terms for offenses not listed in subdivision (c).

We dealt with the first of these cross-references in *People* v. *Harvey* (1979) 25 Cal.3d 754 [159 Cal.Rptr. 696, 602 P.2d 396], where we held, in effect, that the offenses generally described but not specified in paragraph (8) of subdivision (c) were not subject to enhancements. The issue in this case is whether the second cross-reference must be similarly qualified: Whether the offenses described in paragraph (8) of subdivision (c) count against the five-year maximum for "offenses not listed in subdivision (c) . . ."

---

[1]All references are to the Penal Code. At the relevant time, section 1170.1, subdivision (a) read in pertinent part: "The subordinate term for each consecutive offense shall consist of one-third of the middle term of imprisonment prescribed for each other felony conviction for which a consecutive term of imprisonment is imposed, and shall exclude any enhancements when the consecutive offense is not listed in subdivision (c) of Section 667.5, but shall include one-third of any enhancement imposed pursuant to Section 12022, 12022.5 or 12022.7 when the consecutive offense is listed in subdivision (c) of Section 667.5. In no case shall the total of subordinate terms for consecutive offenses not listed in subdivision (c) of section 667.5 exceed five years."

[2]At the relevant time, subdivision (c) of section 667.5 read: "For the purpose of this section, 'violent felony' shall mean any of the following:

"(1) Murder or voluntary manslaughter.

"(2) Mayhem.

"(3) Rape as defined in subdivisions (2) and (3) of Section 261.

"(4) Sodomy by force, violence, duress, menace or threat of great bodily harm.

"(5) Oral copulation by force, violence, duress, menace, or threat of great bodily harm.

"(6) Lewd acts on a child under 14 as defined in Section 288.

"(7) Any felony punishable by death or imprisonment in the state prison for life.

"(8) Any other felony in which the defendant inflicts great bodily injury on any person other than an accomplice which has been charged and proved as provided for in Section 12022.7 on or after July 1, 1977, or as specified prior to July 1, 1977, in Sections 213, 264, and 461, or any felony in which the defendant uses a firearm which use has been charged and proved as provided in Section 12022.5."

## FACTS

Defendant Ernesto Hernandez appeals from a judgment entered after his conviction by a jury on 11 of 13 charged felony counts, including mayhem, robbery, and assault with a deadly weapon, plus a total of 8 enhancements for firearm use and infliction of great bodily injury. He was sentenced to state prison for a term of 20 years.

Defendant contends that the total permissible term under Penal Code section 1170.1 is 17, not 20 years. Specifically, it is urged that the trial court erred, under subdivision (a) of that section, in sentencing him to more than the maximum five-year total for consecutive sentences on eight robbery and assault counts. We conclude that the trial court did not err and that the Legislature intended to permit unlimited subordinate terms for consecutive offenses (1) as to any felony in which a firearm was used or great bodily injury inflicted, and (2) as to other named felonies, irrespective of firearm use or bodily injury.

There is no challenge to the sufficiency of the evidence. Briefly, in a period spanning January 3 to January 17, 1980—that is, before the 1980 amendments to section 1170.1 (Stats. 1980, ch. 132, § 2) became effective—defendant robbed seven people, six of them at gunpoint, shot two of his victims in the face blinding one of them, assaulted another by means of force likely to produce great bodily injury, and shot at a person who pursued him from the scene of one of the robberies. The crimes occurred at different times and different locations. When apprehended, defendant confessed.

Defendant was found guilty on a count of mayhem (§ 203) with firearm use; seven counts of robbery (§ 211), all but one with firearm use or bodily injury, or both; and two counts of assault with a deadly weapon (§ 245, subd. (a)), one with firearm use. He was sentenced to state prison for a term of 20 years. The principal term (ten years) was imposed on a robbery count—upper term of five years for the robbery,[3] with enhancement of two years for the use of a firearm and three years for inflicting great bodily injury.

Consecutive terms were imposed as follows: one count of mayhem with firearm use—two years; one count of robbery with firearm use and

---

[3]Aggravated under rule 421(b)(1) (Cal. Rules of Court) because defendant engaged in a pattern of violent conduct which indicated a serious danger to society.

great bodily injury—one year; four counts of robbery with firearm use —one year each; one count of robbery—one year; one count of assault with a deadly weapon with firearm use—one year; and one count of assault with a deadly weapon—one year.[4]

## DISCUSSION

■ Defendant's sole contention on appeal is that none of the offenses, except mayhem, is an offense specifically listed in subdivision (c) of section 667.5 (see fn. 2, *ante*) and therefore, under subdivision (a) of section 1170.1 (see fn. 1, *ante*) the total of subordinate terms for the consecutive offenses, other than mayhem, may not exceed five years. He relies entirely on our decision in *People* v. *Harvey, supra*, 25 Cal.3d 754.

In *Harvey* we held that enhancement of a consecutive sentence was proper under section 1170.1 only for the seven offenses listed *by name* in section 667.5. *Harvey* involved a subordinate term for robbery with use of a firearm. We held that since robbery was not a specifically enumerated offense in section 667.5, the consecutive sentence could not be enhanced, despite the broad language of paragraph (8) in subdivision (c) of section 667.5. (*Harvey, supra* at pp. 760-761.) We reasoned: "[T]o construe section 1170.1, subdivision (a), as permitting the enhancement of defendant's consecutive offense solely by reason of his commission of a felony involving use of a firearm would result in a troublesome anomaly: As so interpreted, section 1170.1 would permit enhancement for firearm use *in any case involving firearm use*, thereby seeming to render wholly unnecessary the section's specific statutory reference to the various violent felonies described in section 667.5, subdivision (c)."

This rationale of *Harvey* does not apply to the limitation on the *total* of subordinate terms. There is no inconsistency or redundancy in interpreting section 1170.1 to permit unlimited subordinate terms for the enumerated crimes in subdivision (c) of section 667.5 *as well as* for

---

[4]The trial court scrupulously complied with the mandate of *People* v. *Harvey, supra*, 25 Cal.3d 754, discussed hereafter, and did not use the enhancements in imposing the consecutive sentences for the robbery and assault counts. In accord with *Harvey* the court enhanced only the sentence for mayhem, i.e., one-third of the middle term (sixteen months), plus one-third of the two-year enhancement for firearm use (eight months), resulting in a two-year subordinate term for the offense. Absent *Harvey*, the total terms would have been 25 years.

"any other felony" where great bodily injury was inflicted or in which a firearm was used.

To put the matter differently: If the first issue to come before us had been the one involved here—whether all the felonies listed in subdivision (c), specifically or generically, are excepted from the five-year total—there simply would have been no reason to except felonies described in paragraph (8).

The multiple counts in the instant case illustrate the potential application of the clear language of section 667.5, incorporated into section 1170.1: As to the count for mayhem, a consecutive term can be imposed outside the five-year limitation on total subordinate terms, *irrespective of firearm use.* The robbery and assault counts in which a firearm was used and/or great bodily injury inflicted would similarly fall outside the five-year limitation. (Five counts of robbery and one count of assault are in this category.) And, finally, the robbery and assault counts in which no firearm was used nor injury inflicted would fall within the five-year limit of total subordinate terms. No anomalies, no superfluities, no unnecessarily enumerated felonies spoil this literal construction of the final sentence of section 1170.1, subdivision (a) in its reference to section 667.5.

The dichotomy between this case and *Harvey* arises from the fact that section 1170.1, subdivision (a) borrowed the definition of "violent felony" for two different purposes.[5] Yet, on occasion, as *Harvey* illustrates, transposition of a definitional statute without refinement of language to accommodate the incorporating statute results in ambiguity, inconsistency, or superfluous language. Thus, if section 1170.1, subdivision (a) were interpreted to employ the statutory definition in section 667.5 to permit enhancement of a consecutive term for firearm use or great bodily injury as to any violent felony, the listing of the seven named felonies would be redundant. (*Harvey, supra*, 25 Cal.3d 754.) In contrast, the use of the statutory definition in section 667.5 to permit unlimited total subordinate terms for consecutive offenses is entirely harmonious with the related provisions. We see no reason not to abide by the clear letter of the statute and the legislative intent manifested by the incorporation of the statutory definition of "violent felony."

---

[5]The definition itself was fashioned for yet a third purpose: The enhancement of sentences for persons who had served prior prison terms for violent felonies.

We are aware that our interpretation gives to the phrase "consecutive offenses not listed in subdivision (c) of section 667.5" a different meaning in two parts of the same statute. It is presumed, in the absence of anything in the statute to the contrary, that a repeated phrase or word in a statute is used in the same sense throughout. (*Hoag* v. *Howard* (1880) 55 Cal. 564, 565; *Corey* v. *Knight* (1957) 150 Cal.App.2d 671, 680 [310 P.2d 673].) The rule is, however, quite flexible: "There is no rule of law that necessarily requires the same meaning to be given to the same word used in different places in the same statute." (*Sunset Tel. & Tel. Co.* v. *Pasadena* (1911) 161 Cal. 265, 275 [118 P. 796]; *Lambert* v. *Conrad* (1960) 185 Cal.App.2d 85, 95 [8 Cal.Rptr. 56].) "When the occasion demands it, the same word may have different meanings to effectuate the intention of the act in which the word appears." (*Anderson* v. *City of Los Angeles* (1973) 30 Cal.App.3d 219, 224 [106 Cal.Rptr. 299]; *Wall* v. *Board of Directors* (1904) 145 Cal. 468, 473 [78 P. 951].)

In our view, the legislative intent to punish more severely those crimes in which a firearm is used or great bodily injury inflicted is clear. Although we could not effectuate that intent with regard to the *enhancement* of subordinate terms (*Harvey, supra*, 25 Cal.3d 754), there is nothing to prevent our implementation of the Legislature's intention in regard to the computation of the *total* subordinate terms.[6]

We conclude, therefore, that defendant, whose consecutive terms include five robberies and one assault with firearm use or infliction of great bodily harm or both, all "violent felonies" as defined in paragraph (8) of subdivision (c) of section 667.5, is not entitled to the benefit of the five-year limitation in section 1170.1 on the total subordinate term.

We reach our conclusion without reference to the 1980 amendment of section 1170.1, enacted in apparent response to the *Harvey* decision.[7]

---

[6]Insofar as the decision in *People* v. *Childs* (1980) 112 Cal.App.3d 374 [169 Cal. Rptr. 183], is inconsistent with the foregoing, it is disapproved.

[7]Assembly Bill No. 2123 (Stats. 1980, ch. 132) amended section 1170.1, subdivision (a) and states in section 1, subdivision (c): "This act is intended to clarify and reemphasize what has been the legislative intent since July 1, 1977."

The Legislative Counsel's Digest states that: ". . . Existing statutory law has been interpreted by judicial decision to exclude specified violent felonies from calculation of a subordinate state prison term. [¶] This bill would provide and express the legislative intent that such violent felonies be included in such calculation."

The judgment is affirmed.

Bird, C. J., Tobriner, J., Mosk, J., Richardson, J., Newman, J., and Broussard, J., concurred.