[Crim. No. 23812. First Dist., Div. Three. June 3, 1982.]

In re ROBERT EDWARD HALL on Habeas Corpus.

COUNSEL

Jeffry Glenn and Berman & Glenn for Petitioner.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, William D. Stein, Assistant Attorney General, Eugene W. Kaster, Ann K. Jensen and Kenneth C. Young, Deputy Attorneys General, for Respondent.

OPINION

**WHITE, P. J.**—This petition challenges two aspects of a determinate sentence law (DSL) sentence, both of which are affected by the decision in *People* v. *Harvey* (1979) 25 Cal.3d 754 [159 Cal.Rptr. 696, 602 P.2d 396]. The Attorney General concedes that under the authority of *Harvey*, the two-thirds year enhancement for a firearm use allegation connected with a consecutive robbery term was improper and must be stricken. We reject petitioner's contention that *Harvey* also requires a reduction from three years to one year for the enhancement based upon petitioner's robbery conviction.

On February 6, 1978, petitioner was sentenced to prison on several robbery charges. He received a total term of nine and two-third years, based upon the following:

| Principal Term—robbery in count three | 3 years |
|---|---|
| enhanced for 12022.5 | 2 years |
| Consecutive robbery in count 1 | 1 year (1/3 midterm) |
| enhanced for 12022.5 | 2/3 year (1/3 of 2-year term) |
| Prior robbery conviction | 3 years |
| Total | 9-2/3 years |

Petitioner contends that the three-year enhancement for his prior robbery conviction was improper.

Penal Code section 667.5 provides for enhancement of prison terms for new offenses because of prior prison terms. Subdivision (a) prescribes a three-year enhancement where one of the new offenses is a violent felony and the prior prison term was also for one of the violent felonies "specified in subdivision (c)." Subdivision (b) prescribes a one-year term for other priors. Subdivision (c) provides: "(c) For the purpose of this section, 'violent felony' shall mean any of the following:

"(1) Murder or voluntary manslaughter.

"⸱    ⸱    ⸱    ⸱    ⸱    ⸱    ⸱    ⸱    ⸱    ⸱    ⸱    ⸱    ⸱    ⸱    ⸱

"(8) Any other felony in which the defendant inflicts great bodily injury on any person other than an accomplice . . . or any felony in which the defendant uses a firearm which use has been charged and proved as provided in Section 12022.5.

"The Legislature finds and declares that these specified crimes merit special consideration when imposing a sentence to display society's condemnation for such extraordinary crimes of violence against the person."

Before the *Harvey* decision, one reading section 667.5 would have come to the immediate and sensible conclusion that a three-year enhancement could be applied to a defendant convicted of robbery with a

firearm enhancement who had served a prior term for an offense of robbery with a firearm enhancement. Petitioner is such a defendant, having been convicted of robbery with a firearm enhancement in the most recent proceeding and having served a prior term for armed robbery.

*Harvey*, and particularly *People v. Davis* (1980) 103 Cal.App.3d 270, 277 [163 Cal.Rptr. 22], which extended *Harvey*, compel further examination of that facile conclusion.

In *Harvey*, the issue was whether a firearm enhancement of two-thirds of a year could be added to the term of a consecutive offense. Penal Code section 1170.1, subdivision (a), as it then read provided: "The subordinate term for each consecutive offense shall consist of one-third of the middle term of imprisonment prescribed for each other felony conviction for which a consecutive term of imprisonment is imposed, and shall exclude any enhancements when the consecutive offense is not listed in subdivision (c) of Section 667.5, but shall include one-third of any enhancement imposed pursuant to section 12022, 12022.5 or 12022.7 when the consecutive offense is listed in subdivision (c) of Section 667.5. In no case shall the total of subordinate terms for consecutive offenses not listed in subdivision (c) of Section 667.5 exceed five years."[1]

The *Harvey* court concluded that if an offense became a "violent felony" within the meaning of subdivision (c) only because of a gun use enhancement it was not a "violent felony" for purposes of Penal Code section 1170.1, subdivision (a). Otherwise, every consecutive offense with a gun use would be subject to a gun use enhancement. In the words of the *Harvey* court: "Although robbery with firearm use is not specifically mentioned by name in the list of 'violent felonies' under subdivision (c), this offense presumably would be included within that category by reason of the broad language of paragraph (8). Nonetheless, as defendant points out, to construe section 1170.1, subdivision (a), as permitting the enhancement of defendant's consecutive offense solely by reason of his commission of a felony involving use of a firearm

---

[1] A 1980 amendment (Stats. 1980, ch. 132, § 2, eff. May 29, 1980), given only prospective effect (see, e.g., *People v. Young* (1981) 120 Cal.App.3d 683 [175 Cal.Rptr. 1]; *People v. Savala* (1981) 116 Cal.App.3d 41 [171 Cal.Rptr. 882]) adds a specific inclusion of the offenses described in "paragraph (8) of subdivision (c)"—a deliberate repudiation of the *Harvey* decision.

would result in a troublesome anomaly: As so interpreted, section 1170.1 would permit enhancement for firearm use *in any case involving firearm use*, thereby seeming to render wholly unnecessary the section's specific statutory reference to the various violent felonies described in section 667.5, subdivision (c). The foregoing inconsistency would also extend to enhancements under section 12022.7 (infliction of great bodily injury), for these enhancements are also included within the statutory definition of 'violent felonies' under section 667.5, subdivision (c)(8).

"The question is close and subtle. However, the evident legislative intent underlying section 1170.1, subdivision (a), was to allow enhancement of the consecutive offense only in certain *limited* situations, namely, where the conduct for which such enhancement is sought (e.g., firearm use) occurred in the course of commission of a violent felony (such as murder, mayhem, rape, etc.). We think it is unlikely that the Legislature intended to impose an enhancement for firearm use or great bodily injury in every case involving such factors, given the statutory reference in section 1170.1, subdivision (a), to section 667.5. (See also, § 1170.1, subds. (c) and (f), both of which distinguish between the felonies described in § 667.5, subd. (c), and the enhancements imposed pursuant to §§ 12022, 12022.5, 12022.6, and 12022.7.)

"Thus, properly construed, section 1170.1, subdivision (a), permits enhancement only for those *specific offenses* listed in section 667.5, subdivision (c). Because the offense of robbery with firearm use is not specifically listed in that latter section, we conclude that the trial court erred in imposing an additional eight-month enhancement for that offense in the present case. (Accord, *People* v. *Williamson* (1979) 90 Cal.App.3d 164, 171 . . . .)" (25 Cal.3d at pp. 760-761.)

In *People* v. *Davis, supra,* 103 Cal.App.3d 270, the defendant submitted an attempted robbery charge on the preliminary hearing transcript. He was found guilty and to have used a firearm. The court also found an allegation of a prior armed robbery to be true. The *Davis* court reversed because proper advice was not given the defendant before he submitted the matter on the preliminary hearing transcript. However, the court went on to advise the trial court that on retrial the defendant could be enhanced for only one year for the prior robbery conviction. This advice was based upon a reading of the *Harvey* decision as applicable to the "violent felony" provision in Penal Code section 667.5, subdivision (a).

After quoting *Harvey* at length, the *Davis* court stated: "The determination in *Harvey* that a robbery with use of a firearm is not a violent felony under section 1170.1, subdivision (a) governs our analysis of the section before us—667.5, subdivision (a). Following *Harvey*, it would be equally anomalous to hold an armed robbery is a violent felony *only* where it is alleged as a prior, but not where it is used to increase the subordinate term under section 1170.1, subdivision (a). Implicitly, the *Harvey* court held that the legislative intent of the provision (§ 1170.1, subd. (a)) prohibited the dual use of a section 12022.5 finding. Presumably, had the Legislature intended to make robbery with use of a firearm a violent felony under section 667.5, subdivision (c), it would have so specified.

"We are well aware of the arguments which militate against our conclusion. One such reasonable argument is that the statute's purpose—to punish in proportion to the seriousness of the crime (§ 1170, subd. (a)(1))—is frustrated where section 12022.5 is limited to a single use. The fact that the 'Legislature could have expressed itself with greater concision is no justification for refusing to give effect to what it did say.' (*People v. Harvey, supra,* 25 Cal.3d at p. 762, dis. opn. of Clark, J.) Nevertheless, where here the language of the statute is now reasonably susceptible of two constructions, '. . . that construction which is more favorable to the offender will be adopted. The defendant is entitled to the benefit of every reasonable doubt, whether it arise out of a question of fact, or as to the true interpretation of words or the construction of language used in a statute. [Citations.]' (*In re Tartar* (1959) 52 Cal.2d 250, 256-257 . . . .) The prior felony for which defendant served a prison term is not a violent felony and properly falls under section 667.5, subdivision (b), adding one year to his principle term for an aggregate term of six years." (103 Cal.App.3d at pp. 278-279.)

The *Davis* court spoke of the need to avoid the anomalous result that an armed robbery might be a violent felony when alleged as a prior but not when used to increase the subordinate term. The Supreme Court has recently ruled that the need to effectuate the Legislature's intent may override any concern for the anomaly of giving a different meaning to a phrase in two parts of the same statute. (See *People v. Hernandez* (1981) 30 Cal.3d 462 [179 Cal.Rptr. 239, 637 P.2d 706].) That conclusion should apply a fortiori here, where the different meanings are utilized in two different statutes.

In *Hernandez* the court was asked to apply *Harvey* to interpretation of the final sentence of Penal Code section 1170.1, subdivision (a), which limited the aggregate term for nonviolent consecutive convictions: "In no case shall the total of subordinate terms for consecutive offenses not listed in subdivision (c) of Section 667.5 exceed five years." Although for purposes of firearm enhancements to consecutive terms *Harvey* had interpreted "violent felonies" to exclude those that came within Penal Code section 667.5, subdivision (c), by virtue of firearm clauses, in *Hernandez* the court interpreted "violent felonies" to encompass all those listed in section 667.5, subdivision (c), including the catchall in subdivision (c)(8): "Any other felony in which the defendant inflicts great bodily injury on any person other than an accomplice ... or any felony in which the defendant uses a firearm which use has been charged and proved as provided in Section 12022.5." The same phrase was given a different meaning when used in two different places in Penal Code section 1170.1, subdivision (a).

The *Hernandez* court made clear that the *Harvey* ruling was based upon the "inconsistency or redundancy" of basing a firearm enhancement upon the fact that the felony included a firearm enhancement. No such inconsistency or redundancy would be created by concluding that the five-year limit for nonviolent consecutive terms did not apply to those made violent by firearm use.

The same logic applies to the situation here. ■ No anomaly, superfluity, inconsistency, or redundancy is created by interpreting Penal Code section 667.5, subdivision (a), as prescribing a three-year enhancement for violent felonies including those which are violent not because named in section 667.5, subdivisions (c)(1)-(7), but because they fall in the broad scope of section 667.5, subdivision (c)(8). *Hernandez* reveals that the *Davis* court extended *Harvey* beyond its scope and unnecessarily thwarted the intention of the Legislature.[2]

The Superior Court of Contra Costa County is ordered to amend petitioner's abstract of judgment to strike the gun use enhancement related to petitioner's consecutive robbery commitment and to forward a copy of the amended abstract to the Department of Corrections for

---

[2]The Supreme Court has granted hearing in *People* v. *Wolcott* (Cal.App.), hearing granted October 22, 1981 (Crim. 22295), a decision following *Davis*. Presumably it will reach the same conclusion reached here.

correction of petitioner's commitment records. In all other respects, the petition for writ of habeas corpus is denied.

Scott, J., and Barry-Deal, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied July 28, 1982.