[No. A017737. First Dist., Div. One. Dec. 1, 1982.]

THE PEOPLE, Plaintiff and Appellant, v.
MICHAEL D. SEQUEIRA, Defendant and Respondent.

COUNSEL

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, William D. Stein, Assistant Attorney General, Linda Ludlow and Mark S. Howell, Deputy Attorneys General, for Plaintiff and Appellant.

James S. Feliciano, under appointment by the Court of Appeal, for Defendant and Respondent.

OPINION

ELKINGTON, J.—Defendant Sequeira was convicted of 11 counts of robbery (Pen. Code, § 211), and 17 counts of false imprisonment effected by violence (Pen. Code, §§ 236, 237). As to most if not all of the offenses, he was found to have used a firearm in their commission. (Pen. Code, § 12022.5.) He was also convicted of possession of a concealable firearm by one previously convicted of a felony. (Pen. Code, § 12021.) His base term (see Pen. Code, § 1170, subd. (b)), on one of the robbery convictions, was fixed at six years. Believing Sequeira's remaining armed robberies to be "violent felonies," and therefore *not* subject to Penal Code section 1170.1, subdivision (f)'s limitation that the total term of imprisonment "shall not exceed twice the number of years imposed as the base term," the court ordered the remaining robbery terms to run consecutively. With its firearm use enhancements, the total term of imprisonment was fixed at 21 years, 4 months.

Sequeira's appeal from the judgment was assigned to this division of our court.

On the appeal (*People* v. *Sequeira* (1981) 126 Cal.App.3d 1 [179 Cal.Rptr. 249]), believing ourselves bound by the rationale of *People* v. *Harvey* (1979) 25 Cal.3d 754 [159 Cal.Rptr. 696, 602 P.2d 396], we concluded that armed robbery was *not* such a "violent felony" (as defined by Pen. Code, §§ 667.5 and 1170.1, subd. (f)), as would allow the term of imprisonment to exceed

*more* than twice the years imposed as to the base term. From our conclusion, it would appear that Sequeira's sentence should have been limited to 12 years. By our opinion and decision, filed November 25, 1981, we affirmed the judgment, but remanded the cause "to the trial court for resentencing in accordance with the views expressed."

Five weeks after the filing of *People* v. *Sequeira, supra,* 126 Cal.App.3d 1, the state's Supreme Court (Dec. 21, 1981), filed its opinion in *People* v. *Hernandez* (1981) 30 Cal.3d 462 [179 Cal.Rptr. 239, 637 P.2d 706]. Distinguishing *People* v. *Harvey, supra,* 25 Cal.3d 754, upon which we had relied, *People* v. *Hernandez* concluded, as we read it, (1) that armed robberies are otherwise "violent offenses," and (2) that "unlimited total subordinate terms for consecutive ['violent felony'] offenses [are] harmonious" with related Penal Code provisions and *not* contrary to law.

Our remittitur in *People* v. *Sequeira* reached the superior court *after* announcement of *People* v. *Hernandez.*

Upon the required resentencing, the People argued that Sequeira should be sentenced according to the law pronounced by *People* v. *Hernandez.* Sequeira insisted that the doctrine of *"law of the case"* applied, and that the court was bound thereby to follow the directions of *People* v. *Sequeira.*

We observe that at the conclusion of arguments of counsel at Sequeira's resentencing the trial court stated: "At the time of sentencing in this case it was the intent of the court to impose the maximum sentence appropriate under the law, and it is still this court's intent. If I felt that the district attorney was correct regarding his interpretation of the *Hernandez* holding, I would then give the defendant, in accordance with the initial intent of the court, the 20 years. However, I have done considerable research on this matter and I feel bound by the law of the case and the ruling of the appellate court. . . ."

The court thereupon, applying the law of the case, and following *People* v. *Sequeira's* directions, resentenced Sequeira to a total term of 12 years in state prison.

The People thereupon appealed. It is that appeal which is presently before us.

■   The *only* issue of the appeal is whether the superior court erred in its application of the doctrine of law of the case, instead of applying the holding and rationale of *People* v. *Hernandez.*

We note initially the settled rule of *Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937]: "Under the doc-

trine of *stare decisis,* all tribunals exercising inferior jurisdiction are required to follow decisions of courts exercising superior jurisdiction. Otherwise, the doctrine of *stare decisis* makes no sense. The decisions of this court [i.e., the Supreme Court] are binding upon and must be followed by all the state courts of California."

In seeming conflict, at least in the context of the case before us, is the doctrine of law of the case, which has been stated by Mr. Witkin as follows:

"The decision of an appellate court, stating a rule of law necessary to the decision of the case, conclusively establishes that rule and makes it determinative of the rights of the same parties in any subsequent retrial or appeal in the same case." (6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 633 p. 4552.) "The doctrine applies to criminal cases as well as civil cases." (*Id.,* at p. 4553.) "The later decisions not only recognize several kinds of exceptions to the application of the doctrine [but also] treat the doctrine as merely one of policy and normal practice." (*Id.,* § 636, p. 4555.) And: "[T]here are two situations in which it is now clear that the doctrine will be rejected: *Where there is an intervening or contemporaneous change in law.*" (*Id.,* § 650, p. 4568; italics added.)

"The doctrine of law of the case of course is not inflexible. . . . The principal ground for ignoring the doctrine . . . is an intervening or contemporaneous change in the law." (*Davies* v. *Krasna* (1975) 14 Cal.3d 502, 507, fn. 5 [121 Cal.Rptr. 705, 535 P.2d 1161, 79 A.L.R.3d 807].)

"We recognize that an intervening or contemporaneous change in the law or the establishment of a new precedent by controlling authority is one of the recognized exceptions to the rule of the law of the case. . . ." (*Chase Brass & Copper Co.* v. *Franchise Tax Bd.* (1977) 70 Cal.App.3d 457, 465 [138 Cal.Rptr. 901].)

"It appears from the late California decisions that this doctrine [of law of the case] is one of policy only and that it will be disregarded when compelling circumstances call for a redetermination of the determination of the point of law on a prior appeal. . . . This is particularly true where an intervening or contemporaneous change in the law has occurred by the overruling of former decisions or the establishment of new precedent by controlling authority. . . ." (*Ryan* v. *Mike-Ron Corp.* (1968) 259 Cal.App.2d 91, 96-97 [66 Cal.Rptr. 224].)

Under the foregoing authority we conclude that, because of the intervening change in the law followed by us in *People* v. *Sequeira,* by the later and higher authority of *People* v. *Hernandez,* the trial court erroneously applied the doctrine of law of the case at Sequeira's resentencing.

As said in *Wilson* v. *Superior Court* (1980) 108 Cal.App.3d 816, 818-819 [166 Cal.Rptr. 795]: "Imposition of 'a sentence not authorized by law . . . [is] subject to judicial correction whenever the error [comes] to the attention of the trial court or a reviewing court.' (*People* v. *Serrato* (1973) 9 Cal.3d 753, 763 [109 Cal.Rptr. 65, 512 P.2d 289].) ' " 'When a court pronounces a sentence which is unauthorized by the Penal Code, that sentence must be vacated and a proper sentence imposed whenever the mistake is appropriately brought to the attention of the court.' " ' . . . And such an unlawful sentence will be corrected even though the correction operates more severely against the defendant 'than the original unauthorized pronouncement.' " (And see authority there collected.)

The judgment of conviction of defendant Sequeira is affirmed, except as to the sentencing thereon. The cause is remanded to the superior court for resentencing in accordance with *People* v. *Hernandez, supra,* 30 Cal.3d 462, and in a manner not inconsistent with the views we have expressed.

Racanelli, P. J., and Newsom, J., concurred.