Filed 10/26/16

**CERTIFIED FOR PUBLICATION**

APPELLATE DIVISION OF THE SUPERIOR COURT

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| ACTIVE PROPERTIES LLC, | ) | No. BV 031320 |
|     Plaintiff and Respondent, | ) | Central Trial Court |
|     v. | ) | No. 14U01698 |
| MARIA CABRERA, | ) | |
|     Defendant and Appellant. | ) | **OPINION** |

APPEAL from a judgment of the Superior Court of Los Angeles County, Central Trial Court, Mary Ann Murphy, Judge. Reversed.

BASTA and Daniel J. Bramzon, Ross T. Kutash, and Claudia Medina for Defendant and Appellant.

Endler Law and Jeffrey B. Endler for Plaintiff and Respondent.

\*        \*        \*

INTRODUCTION

Following a jury verdict in her favor, defendant Maria Cabrera made a motion for attorney fees pursuant to Code of Civil Procedure section 1174.21,[1] asserting that plaintiff Active Properties, LLC filed the instant unlawful detainer action while substandard conditions in defendant's apartment unit existed for more than 35 days in violation of Civil Code section 1942.4. The court denied the motion on the basis that plaintiff's Civil Code section 1942.4 liability had not been litigated at trial before the jury. Defendant appeals the court's denial of her motion contending that entitlement to fees under section 1174.21 is properly determined by the court in the context of a posttrial noticed motion. We agree and reverse.

BACKGROUND

On June 26, 2012, the Los Angeles Housing Department (LAHD) inspected plaintiff's property located at 1736 Workman Street in Los Angeles, and on July 2, 2012, cited plaintiff and ordered it to "[f]umigate/exterminate as necessary to eliminate insect infestations" in defendant's unit, No. 319. On January 27, 2014, plaintiff served defendant with a three-day notice to pay rent or quit, demanding unpaid rent for November 2013 through January 2014. On February 4, 2014, plaintiff filed the instant unlawful detainer action against defendant based on defendant's failure to comply with the notice. Defendant's answer alleged as an affirmative defense plaintiff's "breach of the implied or expressed warranty of habitability" based on the failure to eradicate "[r]odents and/or other vermin (such as termites, bedbugs, bees or roaches)."[2]

At trial, the jury was instructed on the breach of the warranty of habitability as set forth in Civil Code section 1941.1 and, in its special verdict, found plaintiff failed to provide substantially habitable premises during the time period stated in the notice to pay or quit. It

[1]All statutory references unless otherwise noted are to the Code of Civil Procedure.

[2]The answer prayed "[f]or the costs of suit incurred herein, including reasonable attorney's fees to the extent permissible by law (e.g., Section 1174.21 of the Code of Civil Procedure . . . ), contract, or otherwise determined by the Court."

2

also found defendant did not contribute substantially to the uninhabitable conditions and that the reduced rental value of the property in its uninhabitable condition was $638.32. The court awarded defendant a conditional judgment requiring her to pay $5,456.59 in back rent by July 23, 2014.[3] Plaintiff was ordered to repair and correct the defects constituting the breach of warranty (roaches) and to return to court on August 6, 2014, to show proof of remediation. Defendant paid the conditional judgment, and on January 15, 2015, judgment was entered in her favor.

Defendant thereafter filed her motion for fees pursuant to section 1174.21. In her motion, defendant argued she was entitled to statutory fees because plaintiff had violated Civil Code section 1942.4 by serving the three-day notice to pay or quit on January 27, 2014, while the July 2, 2012, LAHD order to comply was outstanding for more than 35 days. Attached to her motion was a copy of the LAHD order and her declaration stating, "[s]ince the issuance of the [LAHD] notice and order to comply the Landlord has not rid [the] unit of the active insect infestation" and the unit has "remained infested with german roachs [*sic*] through at least June July of 2014."

Plaintiff filed an opposition arguing that the habitability defense litigated at trial was based on Civil Code section 1941.1, *not* section 1942.4, and that the attorney fees motion was essentially asking the court to conduct a second trial regarding plaintiff's Civil Code section 1942.4 liability.

The court denied the motion. It held that to be entitled to fees under section 1174.21, defendant was required, but failed, to prove the elements of Civil Code section 1942.4 *at trial*. The court stated that at trial it only took evidence for the time period commencing November 1, 2013, through January 31, 2014, and that the July 2012 citation by the LAHD occurred

---

[3]The court awarded a conditional judgment providing that if defendant paid plaintiff the sum of $5,456.59 by July 23, 2014, "defendant shall be the prevailing party and shall be entitled to have the judgment for possession . . . and costs of suit including reasonable attorney fees to be determined by noticed motion pursuat [*sic*] to 1033.5 . . . . [¶] If defendant does not pay that sum . . . , plaintiff shall be the prevailing party and shall be entitled to have judgment for possession, for $638.32 as rent and damages and for costs of suit including reasonable attorney fees to be determined by noticed motion . . . ."

18 months prior to this "relevant time period."  The court held that because plaintiff "had not been put on notice [that] defendant [was] litigating [Civil Code] section 1942.4 during the trial," granting the motion for fees would constitute a violation of plaintiff's due process rights. The appellate record indicates the court made *no* findings as to whether the elements of Civil Code section 1942.4 were established.

## DISCUSSION

*Standard of Review*

While abuse of discretion is generally the standard of review for orders granting or denying attorney fees, de novo review is required when the trial court's order raises a pure question of law.  (*Goodman v. Lozano* (2010) 47 Cal.4th 1327, 1332; *Connerly v. State Personnel Bd.* (2006) 37 Cal.4th 1169, 1175.)

In this appeal, we are asked to decide whether, to recover fees under section 1174.21, a landlord's violation of Civil Code section 1942.4 must be determined by the trier of fact at trial, or whether the statutory violation can be determined in the context of a posttrial motion based on evidence submitted in support of the motion.  This is an issue of first impression.

We are thus called upon to interpret section 1174.21 and, in doing so, consider the statute's interplay with Civil Code section 1942.4.

*Section 1174.21*

Section 1174.21 states, "A landlord who institutes an unlawful detainer proceeding based upon a tenant's nonpayment of rent, and who is liable for a violation of Section 1942.4 of the Civil Code, shall be liable to the tenant or lessee for reasonable attorneys' fees and costs of the suit, in an amount to be fixed by the court."

*Civil Code Section 1942.4*

Civil Code section 1942.4, subdivision (a), provides, "A landlord of a dwelling may not demand rent, collect rent, issue a notice of a rent increase, or issue a three-day notice to pay rent or quit pursuant to subdivision (2) of Section 1161 of the Code of Civil Procedure, if all of the following conditions exist prior to the landlord's demand or notice: [¶] (1) The dwelling substantially lacks any of the affirmative standard characteristics listed in Section 1941.1 or

4

violates Section 17920.10 of the Health and Safety Code, or is deemed and declared substandard as set forth in Section 17920.3 of the Health and Safety Code because conditions listed in that section exist to an extent that endangers the life, limb, health, property, safety, or welfare of the public or the occupants of the dwelling. [¶] (2) A public officer or employee who is responsible for the enforcement of any housing law, after inspecting the premises, has notified the landlord or the landlord's agent in writing of his or her obligations to abate the nuisance or repair the substandard conditions. [¶] (3) The conditions have existed and have not been abated 35 days beyond the date of service of the notice specified in paragraph (2) and the delay is without good cause. For purposes of this subdivision, service shall be complete at the time of deposit in the United States mail. [¶] (4) The conditions were not caused by an act or omission of the tenant or lessee in violation of Section 1929 or 1941.2."

A tenant served with a notice while the premises are in substandard condition as defined by Civil Code section 1942.4 can bring an independent action for damages for breach of the landlord's warranty of habitability. (Civ. Code, § 1942.4, subd. (b)(1); *McNairy v. C.K. Realty* (2007) 150 Cal.App.4th 1500, 1506; see *Landeros v. Pankey* (1995) 39 Cal.App.4th 1167, 1169.) The prevailing party in such an action is then entitled to the recovery of reasonable attorney fees and costs. (Civ. Code, § 1942.4, subd. (b)(2).)

*Statutory Construction*

""""When we interpret the meaning of statutes, our fundamental task is to ascertain the aim and goal of the lawmakers so as to effectuate the purpose of the statute." [Citation.] "We take a three-step sequential approach to interpreting statutory language. [Citation.] First, we will examine the language at issue, giving 'the words of the statute their ordinary, everyday meaning.' [Citations.] If we conclude that the statutory meaning is free of doubt, uncertainty, or ambiguity, the language of the statute controls, and our task is completed. [Citations.] Second, if we determine that the language is unclear, we will attempt to determine the Legislature's intent as an aid to statutory construction. [Citation.] In attempting to ascertain that intent, 'we must examine the legislative history and statutory context of the act under scrutiny. [Citations.]' [Citation.] Third, if the clear meaning of the statutory language is not

5

evident after attempting to ascertain its ordinary meaning or its meaning as derived from legislative intent, we will 'apply reason, practicality, and common sense to the language at hand. If possible, the words should be interpreted to make them workable and reasonable [citations], . . . practical [citations], in accord with common sense and justice, and to avoid an absurd result [citations].' [Citation.]" [Citation.]' [Citation.]" (*Sacks v. City of Oakland* (2010) 190 Cal.App.4th 1070, 1082.)

*The statute's words*

First, we examine the language of section 1174.21, which states that a landlord "shall be *liable* to the tenant or lessee for reasonable attorneys' fees" only if the landlord "is *liable* for a violation of Section 1942.4 of the Civil Code . . . ." (Italics added.) The word "liable" is used twice, first to refer to the landlord's Civil Code section 1942.4 liability and then to refer to the landlord's attorney fees liability. "[O]ne rule of statutory construction specifies that a word given a particular meaning in one part of a law should be given the same meaning in other parts of the same law. [Citation.]" (*Ste. Marie v. Riverside County Regional Park and Open-Space District* (2009) 46 Cal.4th 282, 288-289.) This maxim of statutory construction does not control here because, although the Legislature used the same word (liable), it did not use it in the same way. (*People v. Hernandez* (1981) 30 Cal.3d 462, 468 ["The rule is, however, quite flexible: 'There is no rule of law that necessarily requires the same meaning to be given to the same word used in different places in the same statute.' [Citations.] 'When the occasion demands it, the same word may have different meanings to effectuate the intention of the act in which the word appears.' [Citations.]"].) The liability for attorney fees is clearly referring to the landlord's obligation to pay fees. (Black's Law Dict. (6th ed. 1990) p. 915, col. 1; *Qualcomm, Inc. v. Certain Underwriters At Lloyd's, London* (2008) 161 Cal.App.4th 184, 196 ["liable" means "'[r]esponsible or answerable in law; legally obligated'"].) The liability for the statutory violation, however, simply means that the tenant must *prove the elements* of the statute, without necessarily pursuing an independent action under Civil Code section 1942.4 and achieving an award of damages. (See Civ. Code, § 1942.4, subd. (b)(1).) To conclude otherwise would render section 1174.21 surplusage. That is, if a tenant were required to pursue

an action under Civil Code section 1942.4, there would be no need for section 1174.21 as a vehicle for attorney fees, as fees are already available under Civil Code section 1942.4, subdivision (b)(2). "'We cannot presume the Legislature . . . engaged in an idle act or enacted a superfluous statutory provision. [Citation.]' [Citation.] '"In analyzing statutory language, we seek to give meaning to every word and phrase in the statute to accomplish a result consistent with the legislative purpose . . . ."' [Citations.]' [Citation.]" (*Tesco Controls, Inc. v. Monterey Mechanical Co.* (2004) 124 Cal.App.4th 780, 792.)

Furthermore, section 1174.21's omission of the usual "prevailing party" language further illustrates that attorney fees under this statute are distinct from those available under Civil Code section 1942.4. Where a tenant brings an independent action under Civil Code section 1942.4 and proves the elements set forth in that statute at trial or by dispositive motion, the tenant, as the prevailing party, is entitled to fees under subdivision (b)(2). Conversely, if a tenant fails to prove a violation, the landlord is the prevailing party entitled to fees. Section 1174.21, however, does not give the landlord a reciprocal right to fees in an unlawful detainer action.

*Legislative history*

Because the statute is silent as to the *procedure* for finding a landlord liable for a Civil Code section 1942.4 violation in an unlawful detainer action, we look to the legislative intent for guidance.

In 2003, the Legislature amended Civil Code section 1942.4 and added section 1174.21 to strengthen the rights of tenants against landlords who violated statutory standards of habitability. (Stats. 2003, ch. 109 (AB 647).) Civil Code section 1942.4 was amended inter alia to provide additional grounds for liability (i.e., when a landlord issues a notice to pay rent or quit or notice of rent increase) and to reduce the period of unabatement (i.e., to 35 days) before a landlord would be in violation of the statute. (Sen. Com. on Judiciary, Analysis of Assem. Bill No. 647 (2003-2004 Reg. Sess.) as amended April 8, 2003.) Section 1174.21 was added to give the statutory right to recover attorney fees to tenants who were forced to defend an unlawful detainer action brought by a landlord who was in violation of Civil Code section 1942.4. (*Ibid.*) Such fees were previously only recoverable in an independent action

7

brought under Civil Code section 1942.4.  Thus, section 1174.21 was added to discourage landlords from filing unlawful detainer actions with impunity when there existed an unabated government order to correct, and correspondingly to encourage the legal representation of low-income tenants whose landlords ignore their duty to maintain their property.  (*Ibid.*)

The Legislature's intent and the public policy behind section 1174.21 would be thwarted if we were to construe the statute as mandating determination of Civil Code section 1942.4 liability exclusively at trial.  Such an interpretation would allow noncompliant landlords to avoid attorney fees simply by dismissing their unlawful detainer cases prior to judgment if it appeared that the tenant had a successful Civil Code section 1942.4 defense.  An early disposition of the case by dismissal or nonsuit should not deprive a tenant of the intended protections and remedies available under section 1174.21; nor should a tenant, who achieves a defense verdict based on an affirmative defense other than the breach of the warranty of habitability, be so deprived.  Considering the intended expansion of the protections for tenants, we decline to adopt plaintiff's interpretation of section 1174.21 as requiring a determination of Civil Code section 1942.4 liability *at trial* as a prerequisite to recovering attorney fees.

*Due Process*

Plaintiff contends that by allowing defendant to base their attorney fees motion on evidence not presented at trial, it was deprived of due process.  We reject this argument.  "Due process is satisfied by a noticed motion for attorney fees, duly served on the opposing party."  (*Chinn v. KMR Property Management* (2008) 166 Cal.App.4th 175, 194.)  "It is . . . well-settled that attorney fees, whether authorized by contract or statute,[4] are recoverable under section 1033.5, subdivision (a)(10) as an element of costs, and . . . the proper method to recover attorney fees is as an item of costs awarded upon noticed motion.  [Citation.]"  (*Ibid.*; see *Khavarian Enterprises, Inc. v. Commline, Inc.* (2013) 216 Cal.App.4th 310, 327 (*Khavarian*); § 1033.5, subd. (c)(5).)

---

[4]Attorney fees may not be awarded absent statutory authorization *or* contractual agreement. (§ 1021; *Santisas v. Goodin* (1998) 17 Cal.4th 599, 607, fn. 4.)

8

That said, if the proper method to determine whether a landlord is liable for fees under section 1174.21 is by noticed motion, it then necessarily follows that the *same* method would be employed to determine whether the landlord is liable for a violation of Civil Code section 1942.4; section 1174.21 requires both. The court will need to act as a fact-finder in determining a party's entitlement to attorney fees based on evidence presented in support of the motion. (Cal. Rules of Court, rule 3.1306(a); see *612 South LLC v. Laconic Ltd. Partnership* (2010) 184 Cal.App.4th 1270, 1284.) Because the claim for fees is incidental to the cause of action, it stands to reason that the attorney fees motion will often be supported by evidence that was not part of the trial. (See *Khavarian*, *supra*, 216 Cal.App.4th at p. 327 ["attorney fees authorized solely by statute are not part of the cause of action"]; *Vasquez v. State* (2008) 45 Cal.4th 243, 251 [trial court "'must realistically assess the litigation and determine . . . whether or not the action served to vindicate an important right so as to justify an attorney fee award'" under private attorney general statute (§ 1021.5)]; *Corbett v. Hayward Dodge, Inc.* (2004) 119 Cal.App.4th 915, 920 [trial court may award reasonable attorney fees to prevailing defendant under Consumer Legal Remedies Act (Civ. Code, § 1780) "upon a finding by the court that the plaintiff's prosecution was not in good faith"]; *Yield Dynamics, Inc. v. TEA Systems Corp.* (2007) 154 Cal.App.4th 547, 579 [in misappropriation of trade secrets action, defendant's entitlement to fees under the Uniform Trade Secrets Act (Civ. Code, § 3426.4) involves a factual inquiry in the plaintiff's subjective state of mind in bringing and pursuing action "proven or refuted by evidence . . . wholly irrelevant at trial"]; *Zuehlsdorf v. Simi Valley Unified School Dist.* (2007) 148 Cal.App.4th 249, 255-256 [public entities' "arbitrary or capricious conduct . . . never raised in any stage of the proceedings" can still form basis of attorney fees award under Gov. Code, § 800 and is a question of fact within sound discretion of trial court]; *Phillips Petroleum Co. v. County of Lake* (1993) 15 Cal.App.4th 180, 197 [stressing "the importance of a factual finding by the court" under Rev. & Tax. Code, § 5152 as a prerequisite to an attorney fees award]; cf. *Vacco Industries, Inc. v. Van Den Berg* (1992) 5 Cal.App.4th 34, 56 [where fees are an element of damages under the third party tortfeasor doctrine issue should have been submitted to the jury].) Here, notice was given, and plaintiff

9

had ample opportunity to respond to the motion with admissible evidence of timely remediation had it chosen to do so.

Nothing in the plain language of section 1174.21 indicates that a tenant must adjudicate the landlord's violation of Civil Code section 1942.4 before a jury or other trier of fact at trial. We hold that a landlord's Civil Code section 1942.4 violation can be determined by the trial court on noticed motion for purposes of deciding entitlement to attorney fees under section 1174.21. Our holding is consistent with the law governing the procedure for awarding attorney fees as costs and the purpose and legislative history of section 1174.21.

DISPOSITION

The order denying defendant's motion for attorney fees is reversed, and the matter is remanded to the trial court for further proceedings consistent with this opinion. Defendant to recover costs on appeal.

_____

B. JOHNSON, J.

We concur:

_____

RICCIARDULLI, Acting P. J.

_____

DYMANT, J.*

*Retired judge of the Los Angeles Superior Court sitting under assignment by the Chairperson of the Judicial Council.