Filed 5/14/13

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| KHAVARIAN ENTERPRISES, INC., | B243467 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC444337) |
| v. | |
| COMMLINE, INC., et al., | |
| Defendants and Respondents. | |

APPEAL from orders of the Superior Court of Los Angeles County, Susan Bryant-Deason, Judge.  Reversed and remanded.

Henry J. Josefsberg for Plaintiff and Appellant.

Diversity Law Group, Larry W. Lee, and Craig S. Hubble for Defendants and Respondents.

## INTRODUCTION

Plaintiff Khavarian Enterprises, Inc., doing business as Vision Communications Co. (Vision), appeals from orders denying its motion for attorney fees and costs and granting the motion to strike its cost memorandum in favor of defendants Commline, Inc., Jeffrey Fukusawa, James Timjun, and Theresa Camden (Commline or the Commline defendants). Vision contends the trial court erred in finding that it could not properly decide either motion because the matter was resolved by settlement agreement prior to trial. Because we conclude that parties to a settlement agreement can validly specify that one party is potentially a prevailing party and reserve for later determination by the trial court whether that party did prevail, as well as other factual matters involved in making an award of statutory attorney fees, we reverse the trial court's orders and remand the matter to the trial court to consider the motions.

## FACTUAL AND PROCEDURAL BACKGROUND

In August 2010, Vision filed an action for trade secret misappropriation, seeking damages, restitution, and injunctive relief. Respondents filed a timely answer. Defendant Fukusawa filed a cross-complaint against Vision alleging failure to pay commissions. Vision answered.

In April 2012, the parties engaged in mediation and resolved the matter, entering into a confidential settlement agreement. The settlement allowed Vision to move, pursuant to Civil Code section 3426.4 (section 3426.4), for attorney fees and to file a memorandum of costs pursuant to Code of Civil Procedure section 1033.5 (section 1033.5).

Specifically, the agreement stated that Commline would pay Vision a specified dollar amount. "This Settlement Sum is exclusive of attorneys' fees and costs. . . . [¶] [Vision] shall apply to the Court by way of a motion for such attorney's fees and costs incurred in the Action pursuant to Cal. Civ. Code § 3426.4, and for costs incurred in the

Action pursuant to Memorandum of Costs under Cal. Civ. Proc. Code § 1033.5, and Defendants reserve their right to oppose and tax same. No duplicate recovery will be allowed." Fukusawa agreed to return to Commline a commission check and business cards. The settlement agreement noted that "the Parties understand and agree that nothing in this Settlement Agreement is intended, or should be construed as an admission of any liability, misconduct, or wrongdoing by any Party herein." The parties further agreed that the Los Angeles Superior Court would retain jurisdiction pursuant to Code of Civil Procedure section 664.6 to enforce the settlement agreement. Finally, the parties agreed to mutual dismissal of the case in its entirety and to mutual releases.

The parties then filed a joint notice of complete settlement, stating that "the parties to this action . . . have settled all causes of action in this lawsuit, reserving only the issue of Plaintiff's costs and attorney's fees, which shall be submitted to the Court." The parties dismissed the action in its entirety, noting "Plaintiff to separately seek recovery of fees and costs, subject to opposition."

Vision filed a memorandum of costs pursuant to section 1033.5 and a motion for attorney fees pursuant to section 3426.4. Commline filed opposition to the motion for attorney fees and costs and moved to strike the memorandum of costs.

*The Hearing on the Attorney Fees Motion*

The motion for attorney fees and costs was heard by the court on July 11, 2012. Counsel for Vision began by describing the attorney fees motion as being "fairly complicated." The court responded, "For me it's really — it's probably a much simpler plan than you would like for me to think that it is. For me it's really an issue as to whether or not we should be having the motion. Based upon my reading of the law, it appears to the court that this matter was resolved in a settlement. And so, therefore, for me to make a determination that defendants engaged in any willful and malicious misappropriation would be well nigh impossible because this was all worked out. This would actually mean that I would have to go back through the entire case, which is what it appears that you would have me do. And I have read the majority of what you have

3

submitted. I have not read everything because a lot of this I already read before about submissions that have been before. I am just not sure how we get there." As counsel for Vision described the showing required by section 3426.4, the court again commented, "This is a settlement. You settled, you made your peace. I didn't understand the motion to begin with. And after having read everything, I still don't understand why we're here. I'm giving you a really clear record because if you decide to take this [up on] appeal, which I'm sure you will, I want the Court of Appeal to know — although they don't even read the hearings, they only read the moving papers — I don't — I mean, that's common knowledge, that they are interested in not what I say but they are interested in the moving papers. In my review of all the moving papers, the fact that this has settled does not make the plaintiff the prevailing party. And a dismissal was filed, so I'm not sure that it doesn't just make the defendants the prevailing party."

Counsel for Vision argued that "*Chinn*[1] says we cannot determine who the waiver of costs goes to, therefore, we will advert to the statutory definition of prevailing party under Civil Code [*sic*] 1032. That has nothing whatsoever to do with the case here where the parties agreed that Vision gets a certain amount of money, nonmonetary relief, plus the ability to apply to this court for attorney's fees under the Uniform Trade Secrets Act and under 1033.5 in the Code of Civil Procedure, avoiding the *Chinn* problem entirely, because the parties agree that Vision can make the application. It makes no difference whatsoever whether Vision is a prevailing party or not. [¶] . . . [¶] Here, not only does the agreement say that Vision is entitled to make this motion under the Uniform Trade Secrets Act, but in the notice of settlement the parties say that Vision is entitled to move for fees and file for costs. There is no doubt that the *Chinn* analysis, which adverts to the prevailing party's status under 1032 of the Code of Civil Procedure is simply not relevant to this particular settlement. . . . The challenge that defendants have mounted that, yes, they've agreed that the language in the settlement agreement says that Vision is entitled to move for fees and costs doesn't really mean what it says."

---

**1**     *Chinn v. KMR Property Management* (2008) 166 Cal.App.4th 175 (*Chinn*).

4

The court characterized the parties' agreement as saying that "you all agreed to take your best shot." Counsel for Commline argued, "I think the court hit the nail on the head from the very outset, which is, there is absolutely no case law, no statutory authority, nothing that sets up a procedure to do what the plaintiff is trying to do, that is, settle a case under 3426.4, and then come in and give you a bunch of paper, declarations and say this shows willful and malicious misappropriation." He pointed out the only case plaintiff cited in support of its position was *Vacco Industries*, *Inc. v. Van Den Berg* (1992) 5 Cal.App.4th 34 (*Vacco*), which involved a jury finding. Counsel continued, "I think, we're on the same page as the court on its interpretation of the language of the settlement agreement, which basically says, sure you can move and we can oppose it. And the reason why is a nonissue; we know there's no finding of willful and malicious misappropriation."

Commline's counsel asserted it would be akin to a violation of due process if the court were to consider the pleadings and the submissions to determine whether attorney fees were to be awarded because there had been no right of cross-examination. "They have just submitted a mountain of paperwork, which admittedly we've submitted a mountain of paperwork on summary judgment. I think if you look at the volume of paperwork there there's clearly nothing that shows a willful misappropriation by clear and convincing evidence, which is the punitive damage standard."

Counsel for Vision disagreed and analogized to cases involving the Fair Employment and Housing Act, for example, that allowed an award of attorney fees where there had been a motion for summary judgment granted but no record of vexatiousness, frivolousness, or being wholly without merit. In those cases, additional factors had to be proved to the court in order for the defendant to prove entitlement to attorney fees. The court responded, "No, because this isn't a motion for summary judgment, this isn't a trial, this isn't a motion coming on the heels of a disputed hearing of findings, this is not. This is after a settlement. And I think that there is a great big difference. And I think that the *Vac[c]o* and the *Chinn* case[s], in fact, have the right logic in reaching the conclusion that they did reach." Vision's counsel noted that it sounded "as though as a matter of law an

5

agreement like this cannot result in a recovery of attorney fees for Vision." The court replied, "You mean in a trade secrets case. Well, I'm not going to say that it ever can't because I don't know if it could have been worded differently. I don't know if there could have been a reservoir set aside. I'm not going to go into the amounts because I don't think that I should. And here on the record, based on the fact that all of your findings — I mean, your under seal documents have been presented to the court. But I don't think that's — the only way that that can make a difference would be if there were something set aside, because I just don't think that — first of all, I don't think that I can find that there is a prevailing party. And, secondly, if I were to find it, then I don't think that there's been a demonstration of willful and malicious misappropriation based on what I have to look at here. I mean, this isn't presented to me in a context that I could make that kind of finding."

Counsel for Vision then outlined the evidence it had submitted in support of the assertion that Commline and the defendants engaged in willful and malicious misappropriation. The court responded, "You know, counsel, I'm listening to you, but the matter is settled. And I'm hearing — I read it and I'm hearing it, but what you're saying is — but I just really, I just — I'm going to make a ruling, and my ruling is basically going to be that the plaintiff is not the prevailing party under CCP 1032(a)(4), and as discussed in *Vac[c]o Industries*, *Inc. versus Vandenberg*[,] 5 Cal.App.4th 34. And under the law settlement proceeds given to the plaintiff does not make plaintiff the prevailing party under that. And *Chinn versus KMR Property Management*, 166 Cal.App.4th 175 fits in the way that's been argued by the parties. And so as I've indicated, defendants obtained a dismissal by plaintiff having filed voluntary dismissal on May 21st. And, if anything, it makes them the prevailing party. But as far as this court is concerned, this motion is denied. And I won't go any further than that. So you have a record."

The court entered a ruling denying the motion for attorney fees, and thereafter entered a ruling granting Commline's motion to strike the memorandum of costs based

6

on the finding that Vision was not a "prevailing party under California Code of Civil Procedure 1032(a)(4)."

This timely appeal followed.

## DISCUSSION

Vision contends that the trial court erred by denying its recovery of costs and attorney fees pursuant to the terms of the parties' settlement agreement. Vision asserts that it was entitled to seek costs under section 1033.5, and both costs and attorney fees under section 3426.4. Vision contends the court erred by relying on *Chinn*, *supra*, 166 Cal.App.4th 175, to deny it an award of costs *and attorney fees* because *Chinn*, which addresses only situations in which the parties' settlement agreement is *silent* on whether *costs* may be recovered, is not applicable here as the parties specifically agreed that Vision could seek recovery of costs as well as attorney fees. We agree that *Chinn* is distinguishable and does not govern the circumstances present in this case. As we shall explain, we conclude that the parties' settlement agreement was legally permissible and dictates that the trial court must exercise its discretion to determine whether Vision is the prevailing party—the parties having necessarily agreed that Vision is potentially a prevailing party—and, if so, to determine whether Commline engaged in willful and malicious misappropriation so as to justify an award of attorney fees and costs as authorized by section 3426.4.

## I. Interpretation of the Settlement Agreement

In interpreting the settlement agreement, we apply the general rules of contract interpretation. (*Edwards v. Arthur Andersen LLP* (2008) 44 Cal.4th 937, 953 (*Edwards*).) "The goal of contractual interpretation is to determine and give effect to the mutual intention of the parties. [Citations.]" (*Safeco Ins. Co. v. Robert S.* (2001) 26 Cal.4th 758, 763.) Thus, "'a court's paramount consideration . . . is the parties' objective intent when they entered into [the contract].' [Citations.]" (*People ex rel. Lockyer v. R.J.*

*Reynolds Tobacco Co.* (2003) 107 Cal.App.4th 516, 525.) "A contract must be so interpreted as to give effect to the mutual intention of the parties as it existed at the time of contracting, so far as the same is ascertainable and lawful." (Civ. Code, § 1636.) "'If a contract is capable of two constructions courts are bound to give such an interpretation as will make it lawful, operative, definite, reasonable, and capable of being carried into effect . . . .' [Citations.]" (*Edwards*, *supra*, at pp. 953-954.) In addition, "[a]n interpretation which gives effect is preferred to one which makes void." (Civ. Code, § 3541.) Because we interpret the parties' settlement agreement without resort to extrinsic evidence, we apply a de novo standard of review.[2] (*St. Paul Mercury Ins. Co. v. Mountain West Farm Bureau Mutual Ins. Co.* (2012) 210 Cal.App.4th 645, 654.)

The settlement agreement stated as follows: "Th[e] Settlement Sum is exclusive of attorneys' fees and costs. . . . [¶] [Vision] shall apply to the Court by way of a motion for such attorney's fees and costs incurred in the Action pursuant to Cal. Civ. Code § 3426.4, and for costs incurred in the Action pursuant to Memorandum of Costs under Cal. Civ. Proc. Code § 1033.5, and Defendants reserve their right to oppose and tax same." The parties' joint notice of complete settlement stated that "the parties to this action . . . have settled all causes of action in this lawsuit, reserving only the issue of Plaintiff's costs and attorney's fees, which shall be submitted to the Court." The parties' request for dismissal provided: "Plaintiff to separately seek recovery of fees and costs, subject to opposition."

The language of the settlement agreement could mean only that the parties agreed that the prevailing party, if there was one, was Vision. Agreeing that Vision "shall apply" to the trial court for costs and attorney fees meant that the Commline defendants were necessarily *not* the prevailing parties. By agreeing that Vision "shall apply to the Court by way of a motion for such attorney's fees and costs," and informing the court

---

[2] We note Commline's contention that because the trial court ordered the settlement agreement to be withdrawn from the record for reasons of confidentiality we should strike the settlement agreement from the appellant's appendix and refuse to consider its content. We reject that request. Commline cannot prevent substantive review of the matter on that basis.

8

that they were "reserving only the issue of Plaintiff's costs and attorney's fees, which shall be submitted to the Court," the parties' agreement must also be interpreted as acknowledging that the parties were agreeing to submit to a procedure by which the court would exercise its discretion to determine whether Vision was a prevailing party and whether, as required by section 3426.4, the Commline defendants engaged in willful and malicious misappropriation.

Commline suggests that the agreement could be interpreted to mean that Vision was permitted to "take [its] best shot" and bring a motion for costs and fees as authorized by sections 1033.5 and 3426.4, but that the effort would be futile because (1) Vision could not qualify as a prevailing party because settlement proceeds are not included in determining if a party received a net monetary recovery, and (2) there had been no finding of willful and malicious misappropriation and such a finding could not be made post dismissal, and therefore Vision's motion would inevitably be unsuccessful as a matter of law.[3] However, as noted above, "'If a contract is capable of two constructions courts are bound to give such an interpretation as will make it lawful, operative, definite, reasonable, and capable of being carried into effect . . . .' [Citations.]" (*Edwards*, *supra*, 44 Cal.4th at pp. 953-954.)

By agreeing that only Vision could potentially be the prevailing party and reserving that decision for the trial court's determination, the parties agreed to supersede resort to the default definitions of "prevailing party" contained in the first clause of Code of Civil Procedure section 1032, subdivision (a)(4), i.e., "the party with a net monetary recovery, [or] a defendant in whose favor a dismissal is entered." Instead, they opted to define their status as described in the remainder of section 1032, subdivision (a)(4): "in

---

[3] At oral argument before the trial court, counsel for Commline argued that there is no case law or statutory authority providing for a procedure "to do what the plaintiff is trying to do, that is, settle a case under 3426.4, and then come in and give you a bunch of paper, declarations and say this shows willful and malicious misappropriation." Counsel continued, "we're on the same page as the court on its interpretation of the language of the settlement agreement, which basically says, sure you can move and we can oppose it. And the reason why is a nonissue; we know there's no finding of willful and malicious misappropriation."

9

situations other than as specified, the 'prevailing party' *shall be as determined by the court*, and under those circumstances, the court, in its discretion, may allow costs or not and, if allowed may apportion costs between the parties on the same or adverse sides pursuant to rules adopted under [Code of Civil Procedure] Section 1034." (Italics added.) Section 1032, subdivision (c) explicitly provides that parties to litigation are permitted to agree on their own method of awarding costs. It states that "[n]othing in this section shall prohibit parties from stipulating to alternative procedures for awarding costs in the litigation pursuant to rules adopted under Section 1034." (See also *Chinn*, *supra*, 166 Cal.App.4th at p. 184 [acknowledging § 1032, subd. (c) "allows the parties to stipulate to procedures for resolving the matter of costs," citing *Goodstein v. Bank of San Pedro* (1994) 27 Cal.App.4th 899, 908].) The parties did just that, agreeing that Vision was the only potential prevailing party—*and that it could be found to be a prevailing party*—and reserving that question for the court to decide. Without interpreting the agreement to include an understanding that Vision could be found to be a prevailing party, that portion of the settlement agreement would be empty, ineffectual, and nothing more than a promise to waste everyone's time and money. Indeed, it would make no sense for Commline to agree that it would spend time and money opposing Vision's efforts to recover costs and fees, knowing that Vision's efforts were doomed to fail. We find such an interpretation to be unreasonable.

As we next discuss, there was no legal impediment to the parties agreeing that Vision could be found to be the prevailing party, subject to the court's exercise of its discretion. It is not unlawful for a plaintiff who filed a voluntary dismissal but received a net monetary recovery through settlement to be found to be a prevailing party. Nor is it unlawful or procedurally impossible for parties to ask a trial court to act as fact finder postsettlement and decide whether defendants engaged in willful and malicious misappropriation of trade secrets.

## II. Parties May Agree That a Plaintiff Is Potentially a Prevailing Party After a Voluntary Postsettlement Dismissal

The trial court based its ruling denying Vision's motion for attorney fees and costs in large part on the premise that settlement proceeds cannot be considered in determining whether a plaintiff has received a net monetary recovery for purposes of deciding prevailing party status under Code of Civil Procedure section 1032, subdivision (a)(4). As the court and Commline noted, this premise was discussed at length in *Chinn*, *supra*, 166 Cal.App.4th 175, and the trial court stated it was relying on the reasoning stated in *Chinn* in denying Vision's motion for attorney fees. We conclude, however, that the holding in *Chinn* is inapposite to this case. Furthermore, *Chinn* did not hold that a plaintiff who voluntarily dismisses its case in exchange for monetary recovery can never be found to be a prevailing party for purposes of recovering costs or statutory attorney fees, and no other statute or case law supports that premise. Rather, in negotiating a settlement, parties to litigation are free to agree to the standards and procedures to which they wish to adhere regarding recovery of attorney fees and costs, as the parties did here. As Vision contends and we have concluded, "[t]he Parties' Settlement Agreement jumped over any necessity to demonstrate that VISION was a 'prevailing party' under the fee and cost statutes, overtly giving VISION the right to seek fees and costs."

In *Chinn*, *supra*, a tenant filed a lawsuit sounding in tort against her apartment complex manager, property management company, and the property owner. The tenant accepted defendants' Code of Civil Procedure section 998 (section 998) offer to compromise and voluntarily entered dismissal of the case. She then sought recovery of her costs and attorney fees, asserting she was the prevailing party because she received a monetary recovery after defendants had rejected her earlier section 998 offer and later compromised the case on terms more favorable to her, and because her lease agreement provided for an award of attorney fees to the prevailing party in any legal action brought by either party to the agreement. The trial court awarded the tenant costs but denied her motion for attorney fees.

The Court of Appeal began by recognizing that section 998 and Code of Civil Procedure section 1032, subdivision (c) allow parties to allocate costs in their compromise agreement. (*Chin*, *supra*, 166 Cal.App.4th at p. 183.) Looking to the parties' compromise agreement, the appellate court reasoned that, "Because we conclude the agreement was silent as to which party was entitled to recover costs and fees, we turn to the statutory provisions for costs." (*Id.* at p. 185.) Based upon the language of section 1032, subdivision (a)(4), the plaintiff argued she was the prevailing party because she received a net monetary recovery, while defendants argued they were entitled to costs as the prevailing party because after a dismissal a defendant is entitled to an award of costs as a matter of right. The panel held that defendant was the prevailing party under section 1032, subdivision (a)(4), because "[c]onstruing the term 'net monetary recovery' in context, we conclude that the Legislature did not intend to include settlement proceeds received by the plaintiff in exchange for a dismissal in favor of the defendant. The definition of 'prevailing party' provided in section 1032 requires the court to award costs as a matter of right in specified situations. By precluding consideration of settlement proceeds as a 'net monetary recovery' when a dismissal is entered in favor of the defendant, only one party qualifies for a mandatory award of costs, consistent with the prior law." (*Id.* at p. 188.)

Contrary to the present case, the *Chinn* court was addressing a postsettlement award of costs where the settlement agreement was silent on the allocation of costs and attorney fees. The court acknowledged that interpretation of the definition of prevailing party set forth in Code of Civil Procedure section 1032 was necessary only because the parties had not themselves agreed to an allocation of costs. In the case before us, the parties agreed that Vision was the only possible prevailing party. Interpretation of or adherence to the legislative intent behind the default provisions of section 1032 is not required or even relevant here. In reaching a settlement agreement, parties are free to vary from the statutory definitions of prevailing party for purposes of awarding costs. (*Chinn*, *supra*, 166 Cal.App.4th at pp. 183, 184.) Here, the parties agreed that if either party was the prevailing party it was Vision, and that they would treat the matter as a

"'situation[] other than specified,'" reserving for the trial court the question whether Vision was indeed entitled to costs. (*Id.* at p. 189.)

As to attorney fees, "the prevailing party for the award of costs under [Code of Civil Procedure] section 1032 is not necessarily the prevailing party for the award of attorney fees. (*Santisas v. Goodin* [(1998)] 17 Cal.4th 599, 621-622 . . . ; [citation].)" (*Chinn*, *supra*, 166 Cal.App.4th at p. 190.) Code of Civil Procedure section 1021 provides: "Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties; but parties to actions or proceedings are entitled to their costs, as hereinafter provided."

"Prior to 1968, contractual attorney fees could be awarded only after pleading and proof, and therefore, they could not be recovered after a voluntary dismissal. (*International Industries*, *Inc. v. Olen* [(1978)] 21 Cal.3d [218,] 223 (*Olen*).) The enactment of Civil Code section 1717 in 1968, which created a reciprocal right to attorney fees in contracts with unilateral attorney fee provisions, was found to have removed the procedural bar to awarding contractual attorney fees after a dismissal, because fees authorized by statute are recoverable as costs. (*Olen*, *supra*, 21 Cal.3d at p. 223, citing *T.E.D. Bearing Co. v. Walter E. Heller & Co.* (1974) 38 Cal.App.3d 59, 63 et seq.) However, in *Olen*, the Supreme Court concluded public policy and equitable considerations required the parties should bear their own attorney fees when the plaintiff voluntarily dismissed an action prior to trial, whether the claim for fees was based on a contract provision or on the reciprocal right provided by Civil Code section 1717. (*Olen*, *supra*, 21 Cal.3d at p. 223.)" (*Chinn*, *supra*, 166 Cal.App.4th at pp. 190-191, fn. omitted.) That holding in *Olen* was later codified into section 1717, subdivision (b)(2), which now states that "[w]here an action has been voluntarily dismissed or dismissed pursuant to a settlement of the case, there shall be no prevailing party for purposes of this section."

But Civil Code section 1717, which by its terms applies "[i]n any action on a contract, where the contract specifically provides that attorney's fees and costs, *which are*

13

*incurred to enforce that contract*, shall be awarded either to one of the parties or to the prevailing party," is not applicable here.**4** (§ 1717, subd. (a).) Section 1717 applies only to causes of action sounding in contract and based on a contract containing an attorney fee provision. The attorney fees at issue here were not incurred to enforce the settlement agreement, the only contract between the parties, but instead were incurred to remedy the alleged misappropriation of trade secrets. These attorney fees are potentially recoverable as costs because they are authorized by statute, namely, section 3426.4, which provides in relevant part that "[i]f . . . willful and malicious misappropriation exists, the court may award reasonable attorney's fees and costs to the prevailing party." Even if section 1717 were applicable here, "[s]ection 1717, subdivision (b)(2) does not bar a fee award where the prevailing party's right to recover fees arises under a fee-shifting statute. [Citations.]" (*Kim v. Euromotors West/The Auto Gallery* (2007) 149 Cal.App.4th 170, 178 (*Kim*).) The parties agreed that if anyone was the prevailing party it was Vision, obviating the need to look to the definitional provisions of section 1032 for purposes of determining which party had prevailed. Because Vision was the only possible prevailing party, the parties contemplated that the motion for attorney fees to be filed by Vision based on section 3426.4 would be brought on the basis of Commline's alleged willful and malicious misappropriation (rather than the claim of misappropriation being made in bad faith, for example). (See § 3426.4.)

In *Santisas v. Goodin*, *supra*, 17 Cal.4th 599 (*Santisas*), the Supreme Court answered the question whether its earlier holding *in Olen*, *supra*, 21 Cal.3d 218, barred recovery, under a contractual attorney fee provision, of attorney fees incurred for the defense of tort or other noncontract claims that are outside the scope of Civil Code

---

**4** When the trial court said it could only make a prevailing party finding if there had been a "reservoir" or deposit set aside it perhaps was referring to the provision in Civil Code section 1717, subdivision (b)(2), which states that where an action has been voluntarily dismissed or dismissed pursuant to a settlement, and where the defendant has answered and tendered to plaintiff the full amount to which plaintiff was entitled (by depositing that amount into the court), the defendant may be deemed to be a prevailing party on the contract. That provision has no relevance here.

14

section 1717.  We quote at some length the discussion of this question in *Santisas* because it is instructive here.  The Court noted that its "subsequent references to *Olen*, *supra*, 21 Cal.3d 218, suggest that we have viewed that decision narrowly as deciding only the right *under section 1717* to recover attorney fees as costs in pretrial dismissal cases."  (*Santisas*, *supra*, at p. 620.)  For example, "we described *Olen* as a decision in which 'this court determined that a defendant could not recover attorney fees *under section 1717* when the plaintiff voluntarily dismissed the action before trial.'  (*Hsu v. Abbara* [(1995)] 9 Cal.4th 863, 872, italics added.)"  (*Santisas*, *supra*, at p. 620.)

The *Santisas* court continued:  "To read *Olen* as establishing a rule extending beyond the reach of [Civil Code] section 1717 would mean that our decision did not merely engage in statutory construction of section 1717 but instead independently declared contractual attorney fee provisions unenforceable, on public policy grounds, in all pretrial dismissal cases.  Historically, this court has been reluctant to declare contractual provisions void or unenforceable on public policy grounds without firm legislative guidance.  [Citations.]  When this court decided *Olen*, *supra*, 21 Cal.3d 218, there was no statutory or constitutional provision clearly articulating a public policy against enforcement of contractual attorney fee provisions in voluntary pretrial dismissal cases.  In response to *Olen*, the Legislature barred attorney fee awards in voluntarily dismissed actions within the scope of section 1717, but the Legislature did not act to expand the scope of section 1717 to encompass tort and other noncontract claims arising from contracts containing broadly worded attorney fee provisions, nor did it enact separate legislation to address such claims or otherwise articulate public policy as permitting or precluding attorney fee awards as costs for such claims.  Given this legislative inaction, we cannot assume that the Legislature views such awards as against public policy.  Indeed, . . . the 1986 enactment of the current version of Code of Civil Procedure section 1032, defining 'prevailing party' for purposes of costs as *including* a party in whose favor a dismissal has been entered, and the 1990 amendment of Code of Civil Procedure section 1033.5, defining awardable costs as including attorney fees authorized by contract, at least *suggest* that the Legislature does not view contractual

15

attorney fee cost awards in voluntary pretrial dismissal cases as necessarily or invariably being against public policy. [Citations.]

"Moreover, upon fresh consideration of the matter, we are of the view that the practical difficulties associated with contractual attorney fee cost determinations in voluntary pretrial dismissal cases are not as great as suggested by the majority in *Olen*, *supra*, 21 Cal.3d 218. The *Olen* majority soundly reasoned that attorney fees should not be awarded *automatically* to parties in whose favor a voluntary dismissal has been entered. In particular, it seems inaccurate to characterize the defendant as the 'prevailing party' if the plaintiff dismissed the action only after obtaining, by means of settlement or otherwise, all or most of the requested relief, or if the plaintiff dismissed for reasons, such as the defendant's insolvency, that have nothing to do with the probability of success on the merits. The *Olen* majority also soundly reasoned that scarce judicial resources should not be used to try the merits of voluntarily dismissed actions merely to determine which party would or should have prevailed had the action not been dismissed. But we do not agree that the only remaining alternative is an inflexible rule denying contractual attorney fees as costs in all voluntary pretrial dismissal cases. Rather, a court may determine whether there is a prevailing party, and if so which party meets that definition, by examining the terms of the contract at issue, including any contractual definition of the term 'prevailing party' and any contractual provision governing payment of attorney fees in the event of dismissal. If, as here, the contract allows the prevailing party to recover attorney fees but does not define 'prevailing party' or expressly either authorize or bar recovery of attorney fees in the event an action is dismissed, a court may base its attorney fees decision on a pragmatic definition of the extent to which each party has realized its litigation objectives, whether by judgment, settlement, or otherwise. (See *Hsu v. Abbara*, *supra*, 9 Cal.4th 863, 877.)

"For all of these reasons, we conclude that this court's decision in *Olen*, *supra*, 21 Cal.3d 218, did not establish an inflexible rule of contract law operating beyond the scope of section 1717, but rather, . . . *Olen* merely construed section 1717 and has been

16

effectively superseded by the 1981 amendment of section 1717 codifying its holding." (*Santisas*, *supra*, 17 Cal.4th at pp. 620-622.)

Thus, as the *Santisas* court definitively summed up, post-dismissal awards of attorney fees outside the scope of Civil Code section 1717 are not against public policy. The provision in section 1717 barring recovery of attorney fees post dismissal does not extend beyond causes of action sounding in contract and based on a contract containing an attorney fee provision; because the Legislature has not enacted similar legislation articulating public policy as permitting or precluding attorney fee awards as costs for any other claims, we cannot assume that the Legislature views such awards as against public policy. The parties here were legally permitted to include in their settlement agreement the provision that Vision could apply to the trial court for an award of attorney fees after voluntarily entering a dismissal of its claims.

## III.    A Trial Court May Be Required to Act as Fact Finder on a Postsettlement Motion for Attorney Fees

In addition to the premise advanced in *Chinn* that settlement proceeds are not considered in finding a plaintiff has received a net monetary recovery (under Code Civ. Proc., § 1032, subd. (a)(4))—a principle which we have found to be irrelevant in this case—the trial court's overriding reason for denying Vision's motion for attorney fees was that it did not believe the motion was properly brought after a settlement. In the trial court's words, "it's really an issue as to whether or not we should be having the motion. . . . [T]his matter was resolved in a settlement. And so, therefore, for me to make a determination that defendants engaged in any willful and malicious misappropriation would be well nigh impossible because this was all worked out. This would actually mean that I would have to go back through the entire case, which is what it appears that you would have me do. And I have read the majority of what you have submitted. I have not read everything because a lot of this I already read before about submissions that have been before. I am just not sure how we get there." The court later continued, "This

17

is a settlement. You settled, you made your peace. I didn't understand the motion to begin with. And after having read everything, I still don't understand why we're here."[5]

To the extent the court might have been expressing the notion that it lacked jurisdiction to consider the motion, we conclude that because the dismissal was an action in compliance with and required by the stipulated settlement, the dismissal did not deprive the court of jurisdiction to consider the fee and cost motions that were specifically contemplated by the settlement agreement, in which the parties specifically stated their intent to preserve the court's jurisdiction to consider those motions. In 1993, Code of Civil Procedure section 664.6 was amended to include stipulations in writing outside the presence of the court, and added the language, "If requested by the parties, the court may retain jurisdiction over the parties to enforce the settlement until performance in full of the terms of the settlement." (Stats. 1993, ch. 768, § 1.) The court had continuing jurisdiction to consider the attorney fee and cost motions.

In denying the attorney fee motion, the court relied on *Vacco*, *supra*, 5 Cal.App.4th 34. In that case, however, the appellate court found that attorney fees awarded pursuant to the third party tortfeasor doctrine could only be awarded if pleaded and proved at trial. An award of attorney fees based on the third party tortfeasor doctrine is an element of damages, and "'[where] the attorney's fees are recoverable as damages, the determination of the recoverable fees must be made by the trier of fact unless the parties stipulate otherwise. [Citation.]' (*Brandt* [*v. Superior Court* (1985) 37 Cal.3d 813,] 819.)" (*Vacco*, *supra*, at p. 56, fn. omitted.) Vision did not claim entitlement to

---

[5]    Commline argues that the trial court did in fact consider on its merits the question whether Vision had demonstrated willful and malicious misappropriation, and concluded that it had not. The trial court stated it had reviewed "the majority" of the documents submitted, having reviewed some things in the past, and later said that "if I were to find it, then I don't think that there's been a demonstration of willful and malicious misappropriation based on what I have to look at here." The court ultimately concluded, however, that "this isn't presented to me in a context that I could make that kind of finding." We do not agree that a fair reading of the record of the hearing indicates the court made any factual finding on the substantive merits of the attorney fee motion.

fees under the third party tortfeasor doctrine or any other theory that would have made attorney fees an element of damages.

In fact, the *Vacco* case supports the conclusion that the trial court here could properly hear the postsettlement attorney fee motion. The *Vacco* court found that attorney fees *could* be awarded under section 3426.4 in a posttrial motion, in that case based on the jury's finding defendants liable for punitive damages. The punitive damages awarded by the jury based upon a clear and convincing evidence standard necessarily satisfied the requirement of finding defendants' acts of misappropriation were done with malice. But the court did not conclude that a trial or factfinding by a jury on the malicious and willful misappropriation issue was required. Defendants argued that the attorney fee issue was never submitted to the jury for its determination, to which the *Vacco* court responded: "With respect to the award made under section 3426.4, this argument overlooks the provisions of Code of Civil Procedure section 1033.5, subdivision (a)(10), which provides that allowable costs under Code of Civil Procedure section 1032 include attorney fees whenever they are authorized by contract *or statute. Such authorized fees are properly fixed by the court in a posttrial noticed motion.* (Code Civ. Proc., § 1033.5, subd. (c)(5).)" (*Vacco*, *supra*, 5 Cal.App.4th at p. 55, first italics in original, latter italics added, fn. omitted.)

More to the point, just as an award of costs is "but an incident to the judgment" rather than an integral part of a judgment, attorney fees authorized solely by statute are not part of the cause of action. Such fees are incidents to the cause and therefore properly awarded after entry of a stipulated judgment (unless expressly or by necessary implication excluded by the stipulation). (*Folsom v. Butte County Assn. of Governments* (1982) 32 Cal.3d 668, 678 (*Folsom*).) This is distinguishable from the situation in which fees are part of the relief sought and therefore must be pleaded and proved at trial, such as with the third party tort doctrine. "'*No similar procedural and evidentiary base is required where "the attorney fee was not the cause of action but an incident to it*.'" ([*Mabee v. Nurseryland Garden Centers*, *Inc.* (1979) 88 Cal.App.3d 420,] 425, citing

19

*Huber v. Shedoudy* (1919) 180 Cal.311, 314.)" (*Folsom*, *supra*, at p. 678, fn. 16, italics added.)

The *Folsom* court recognized that parties might wish to include the amount of an attorney fee to be awarded in the settlement negotiations because "one settling a lawsuit may want to know his total liability in advance of settlement." (*Folsom*, *supra*, 32 Cal.3d at p. 681.) The Supreme Court indicated that fee matters might "be injected into negotiations on the merits without placing counsel in a position of inherent conflict," but maintained that "the *preferred procedure* is to reserve fee issues for judicial consideration and determination [citation]." (*Ibid.*, italics added.)

The trial court confronted a very similar situation in *Kim*, *supra*, 149 Cal.App.4th 170, 180, in which "the trial court believed that Kim could not be a prevailing plaintiff solely because the matter was resolved prior to trial by a settlement agreement." The trial court remarked that the plaintiff was asking the court to evaluate the value of the car plaintiff purchased from defendants and the value to the defendants of not having to try the case, and "'all kinds of things that I, as a court, don't believe that I should do.'" The court continued, "'I just think that it really strikes against the concept of settling a case and ending it and then coming back and saying, "Now, Judge, tell us who is the winner." I can't do that.'" (*Ibid.*)

The Court of Appeal held that the trial court was required to exercise its discretion to determine if plaintiff was the prevailing party and therefore entitled to attorney fees under Civil Code section 1780, subdivision (d) of the Consumers Legal Remedies Act (CLRA), which makes such an award mandatory to the "prevailing plaintiff." The appellate court stated, "Although we appreciate the trial court's dilemma, it still has an obligation to determine whether or not plaintiff is a 'prevailing plaintiff' under law. A plaintiff's request for attorney fees under the CLRA is not inherently antithetical to a pretrial settlement agreement. Because Kim's right to attorney fees arises not from contract, but under section 1780(d), Kim is not precluded from obtaining an award of attorney fees even though the litigation was resolved by a settlement agreement. . . . [¶] Determinations of whether Kim is a 'prevailing plaintiff' and the amount to be awarded,

if any, are to be made, in the first instance, by the trial court in the sound exercise of its discretion." (*Kim*, *supra*, 149 Cal.App.4th at p. 181.) We reach precisely the same conclusion here.

The case before us differs from *Kim*, *supra*, in that the CLRA makes an award of attorney fees mandatory to the "prevailing plaintiff" (Civ. Code, § 1780, subd. (e)), while section 3426.4 requires the prevailing party to further demonstrate that "willful and malicious misappropriation exists." Vision submitted with its motion for attorney fees documentary evidence in support of its assertion that Commline engaged in willful and malicious misappropriation. We acknowledge that the trial court will be required to engage in considerable factfinding after the parties have already "made [their] peace." However, an important part of making their peace was their agreement that the matter of Vision's entitlement to attorney fees and costs will be submitted to the trial court. The situation is essentially one in which Vision has come to the court requesting enforcement of the settlement agreement as it is authorized to do under Code of Civil Procedure section 664.6. "'The Legislature has now provided that a motion to enter judgment pursuant to such a settlement need not be a motion for summary judgment.' (*Corkland v. Boscoe* (1984) 156 Cal.App.3d 989, 991 [(*Corkland*)].) Section 664.6, enacted in 1981, explicitly provides statutory authorization for the entry of judgment upon a stipulated settlement by means of a noticed motion. That section provides: '*If parties to pending litigation stipulate*, in writing or *orally before the court*, *for settlement* of the case, or part thereof, *the court*, *upon motion*, *may enter judgment pursuant to the terms of the settlement*.' (Italics added.)" (*Casa de Valley View Owner's Assn. v. Stevenson* (1985) 167 Cal.App.3d 1182, 1189.) "'*Even where there are contentions of disputed facts*, if the motion is one for entry of judgment pursuant to such a settlement, the Legislature has now approved the filing of the motion under section 664.6. [Citation.] A motion for summary judgment pursuant to [Code of Civil Procedure] section 437c[] is no longer required. . . . [¶] In acting upon a section 664.6 motion, the trial court must determine whether the parties entered into a valid and binding settlement of all or part of the case. In making this determination trial judges, in the sound exercise of their discretion, *may*

21

*receive oral testimony or may determine the motion upon declarations alone.* [Citation.]'
([*Corkland, supra*,] 156 Cal.App.3d at p. 994.)" (*Casa de Valley View*, *supra*, at p. 1189,
italics added. See also *Wackeen v. Malis* (2002) 97 Cal.App.4th 429, 432, fn. 1.) Thus,
the court in its discretion may receive documentary evidence as well as declarations
and/or oral testimony in order to determine whether Vision was the prevailing party and,
if so, whether the willful and malicious misappropriation existed.

## DISPOSITION

The orders denying Vision's motion for attorney fees and granting defendants'
motion to strike Vision's memorandum of costs are reversed and the matter is remanded
to the trial court for further proceedings as described in this opinion. Costs on appeal are
awarded to Vision.

**CERTIFIED FOR PUBLICATION**

SUZUKAWA, J.

We concur:

EPSTEIN, P. J.

WILLHITE, J.

22