Filed 10/9/13  S.O.Tech/Special Ops. Technologies v. Berge CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| S.O. TECH/SPECIAL OPERATIONS TECHNOLOGIES, INC.,<br><br>      Plaintiff and Appellant,<br><br>      v.<br><br>MICHAEL BERGE et al.,<br><br>      Defendants and Respondents. | B243795<br><br>(Los Angeles County<br>Super. Ct. No. BC437331) |

APPEAL from an order of the Superior Court of Los Angeles County, Kenneth R. Freeman, Judge.  Reversed.

Lurie, Zepeda, Schmalz & Hogan, Troy L. Martin and M. Damien Holcomb for Plaintiff and Appellant.

Law Office of Matthew K. Davis and Matthew K. Davis for Defendants and Respondents.

_____

In this action under the California Uniform Trade Secrets Act, appellant S.O. Tech/Special Operations Technologies, Inc. challenges the denial of its attorney's fees. Because we conclude that the trial court erred in concluding that the jury's failure to find a basis for awarding punitive damages precluded an award of attorney's fees under the California Uniform Trade Secrets Act, we reverse and remand for further proceedings.

## FACTURAL AND PROCEDURAL BACKGROUND

S.O. Tech/Special Operations Technologies, Inc. (S.O. Tech.) sued Michael Berge, doing business as Berge Innovations, Berge Innovations, Inc., Action Bag and Cover, Inc., and Does 1-25 on May 7, 2010, alleging misappropriation of trade secrets, unfair competition, interference with prospective economic advantage, and breach of contract; the complaint also request an accounting. Berge and Berge Innovations, Inc., respondents here, answered the complaint on June 7, 2010. The matter was tried to the jury and, on October 6, 2011, the jury returned its verdict, finding a misappropriation of trade secrets, and awarding S.O. Tech damages in the sum of $29,036. The jury also found that S.O. Tech had failed to prove, by clear and convincing evidence, that the respondents acted willfully and maliciously in the misappropriation. Finally, the jury found that Berge had breached his contract, and awarded S.O. Tech damages of $29,820 for that breach.

Following the verdict, the trial court took further evidence and heard arguments of counsel on S.O. Tech's demand for a permanent injunction. On January 17, 2012, the court found good cause to impose that injunction. The trial court entered judgment in the matter on April 27, 2012, severing the cause of action for interference with prospective economic advantage for a separate trial, and reserving jurisdiction over the claim for attorney's fees and costs.

S.O. Tech moved for attorney's fees under the California Uniform Trade Secrets Act (Civ. Code, § 3426.4) on May 29, 2012. The motion asserted a right to fees based on the jury's finding of misappropriation, and evidence demonstrating that misappropriation had been willful and malicious. Respondents opposed the motion, asserting that the

2

jury's verdict on punitive damages precluded such an award, and that the fees had not been properly calculated. After S.O. Tech replied, the court denied the motion. S.O. Tech timely appealed.

## DISCUSSION

The sole issue presented by this appeal is the trial court's denial of an award of attorney's fees. The court determined that, although the question of attorney's fees was not before the jury, the jury's determination on punitive damages bound the court, and that it had no discretion to award attorney's fees. Because we conclude that the jury's finding on the different issue did not bind the court, we will remand for the court to reconsider the motion.

### Standard of Review

"'On review of an award of attorney fees after trial, the normal standard of review is abuse of discretion. However, de novo review of such a trial court order is warranted where the determination of whether the criteria for an award of attorney fees and costs in this context have been satisfied amounts to statutory construction and a question of law.'" (*Connerly v. State Personnel Bd.* (2006) 37 Cal.4th 1169, 1175, quoting *Carver v. Chevron U.S.A., Inc.* (2002) 97 Cal.App.4th 132, 142.) Thus, we exercise independent review on the narrow question of whether S.O. Tech is entitled to seek fees under Civil Code section 3426.4.

### California Uniform Trade Secrets Act

S.O. Tech's claims for misappropriation were brought under the California Uniform Trade Secrets Act (CUTSA), Civil Code sections 3426 to 3426.11.[1] Section 3426.4, at issue here, provides: "If a claim of misappropriation is made in bad faith, a motion to terminate an injunction is made or resisted in bad faith, or willful and malicious

---

[1] All further references, unless otherwise noted, are to the Civil Code.

3

misappropriation exists, the court may award reasonable attorney's fees to the prevailing party." To justify a fee award under this statute, the trial court must find that the party to whom fees are awarded is the prevailing party and that a willful and malicious misappropriation occurred. (*Vacco Industries, Inc. v. Van Den Berg* (1992) 5 Cal.App.4th 34, 54-55, fn. 23 (*Vacco*).)

CUTSA, adopted from the Uniform Trade Secrets Act, does not define the burden of proof to be applied on a motion for attorneys' fees under section 3426.4. As a result, we look to the Evidence Code, which mandates the application of a preponderance of the evidence standard: "Except as otherwise provided by law, the burden of proof requires proof by a preponderance of the evidence." (Evid. Code, § 115; *Conservatorship of Wendland* (2001) 26 Cal.4th 519, 546. ["The default standard of proof in civil cases is the preponderance of the evidence"].)

While there was a jury finding in this case, that finding, without objection by the parties, required only that the jury determine whether there was clear and convincing evidence sufficient to award punitive damages. Early in the proceedings, respondents sought a ruling from the court applying that standard of proof to the question of punitive damages. In that request, respondents neither suggested, nor asked the court to rule, that the same burden of proof should be applied to the court's exercise of its discretion in determining whether to award attorney's fees.

In the discussion of the jury instructions themselves, the record does not demonstrate that any party asserted that the jury's finding on punitive damages would be binding on the issue of attorney's fees. The record does indicate that the parties and the court conducted an off the record discussion of jury instructions. After that discussion, the court issued a minute order memorializing its rulings. Two portions of that order are relevant. First, the court ruled that the verdict form for punitive damages would be phrased in terms of the clear and convincing evidence standard. Second, the court determined that in giving CACI No. 1441, the punitive damages instruction, the same clear and convincing language would be included.

4

Respondents have identified no legal basis to argue that the jury's finding would be binding on the determination on attorney's fees, a determination to be made by the court. Respondents have also cited no case in which the clear and convincing standard was applied to the award of attorney's fees under CUTSA.[2]

The trial court, in denying the request for attorney's fees, relied on *Vacco*. In that case, the jury awarded punitive damages for misappropriation. In considering the propriety of the award of attorney's fees, and in response to the defendants' arguments that there was no statutory basis for the award, the Court of Appeal stated: "In order to justify fees under Civil Code section 3426.4, the court must find that a 'willful and malicious misappropriation' occurred. That requirement is satisfied, in our view, by the jury's determination, upon clear and convincing evidence, that defendants' acts of misappropriation were done with malice. This finding was necessary to the award of punitive damages which was made by the jury. However, it is also sufficient to justify the statutory portion of the fee award." (*Vacco, supra,* 5 Cal.App.4th at p. 54, fn. omitted; see also *Khavarian Enterprises, Inc. v. Commline, Inc.* (2013) 216 Cal.App.4th 310, 326-327 [trial court properly decides attorney's fee issue].)

Defendants in *Vacco* also argued that the issue of attorney's fees was a jury issue. The court rejected that argument, explaining that Code of Civil Procedure section 1033.5 places that issue in the hands of the court, not the jury. (*Vacco*, *supra*, 5 Cal.App.4th at p. 55.)

What was not before the court in *Vacco*, however, is the issue for which respondents and the trial court cited that case: whether the trial court is bound in its determination of attorney's fees by the jury's finding on punitive damages. The trial court here concluded that: "The implication under *Vacco* is that if the jury finds that the plaintiff does *not* demonstrate willful and malicious appropriation, fees are not justified under CUTSA." The court further concluded that it was bound by the jury's

---

**2** Respondents, in briefing the issue before this Court, still provide no authority for their position other than *Vacco*, relied on by the trial court.

determination, relying on *Hoopes v. Dolan* (2008) 168 Cal.App.4th 146.[3]  The court erred.

The *Vacco* court did not have before it the issue of what the standard of proof was because, in the face of a determination that there was clear and convincing evidence of malice, it was clear that there was a showing of the necessary facts by a preponderance of the evidence.  While the court determined that the jury's finding was sufficient for the court to award attorney's fees under the statute, nothing in the facts before the court or the language of the statute indicates it was necessary.  To the contrary, Evidence Code section 115 demonstrates it was not.

Here, the standards of proof were different, the jury's findings concerning malice and oppression for purposes of punitive damages were not binding on the trial court's determination of S.O. Tech's motion for attorney fees.[4]

---

[3]  In *Hoopes*, while the court did hold that the trial court could not disregard the jury's verdict in deciding issues based on the same evidence and same operative facts, it also held, as relevant here, that when the issues to be decided are both within the province of the court, and concern factual and legal issues undecided by the jury, the court has a duty to make the determination.  (*Hoopes v. Dolan*, *supra*, 168 Cal.App.4th at pp. 150, 162-163.)  Here, the jury did not decide whether the plaintiff had demonstrated willful and malicious misappropriation by a preponderance of the evidence, but only that there was not clear and convincing evidence of such misappropriation.

[4]  Because we remand for the trial court to consider whether there is a basis for the requested attorney's fees, we need not reach the other issues raised by respondents.

## DISPOSITION

The order is reversed and the matter is remanded for the trial court to determine whether the record demonstrates a basis for the award of attorney's fees, and, if so, the amount properly awarded. Appellant is to recover its costs on appeal.


ZELON, J.

We concur:


WOODS, Acting P. J.


SEGAL, J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.