An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

TULELAKE HORSERADISH, INC.,
Appellant,
vs.
SANTA MARGARITA RANCH, LLC, A
NEVADA LIMITED LIABILITY
COMPANY; KEN MAHAN; AND MARK
S. MAHAN,
Respondents.

No. 66707

FILED

JUN 24 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _S. Young_
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order denying a motion for attorney fees in a breach of contract action. Third Judicial District Court, Lyon County; Leon Aberasturi, Judge.

Appellant Tulelake Horseradish, Inc., and respondent Santa Margarita Ranch, LLC, dispute whether a party to a compromise settlement can be deemed a prevailing party pursuant to NRS 18.010(2)(a). Tulelake and Santa Margarita entered into a joint unapportioned offer of judgment. Under the offer of judgment, Tulelake received $20,000 and preserved its ability to move for attorney fees pursuant to NRS 18.010(2)(a), which allows a district court to award attorney fees to the prevailing party when the prevailing party recovered $20,000 or less. Tulelake then moved for attorney fees under NRS 18.010(2)(a). The district court, however, denied Tulelake's motion, concluding that a party to a compromise settlement, like Tulelake, could not be a prevailing party and, thus, could not recover attorney fees under NRS 18.010(2)(a).

In Arizona and California, a party to a settlement can be a prevailing party. *See generally Med. Protective Co. v. Pang*, 740 F.3d 1279,

SUPREME COURT
OF
NEVADA

(O) 1947A

15-19326

1283-84 (9th Cir. 2013) (applying Arizona law to conclude that a party to a settlement agreement could still be deemed the prevailing party for the purposes of recovering attorney fees pursuant to a statute); *Khavarian Enters., Inc. v. Commline, Inc.*, 156 Cal. Rptr. 3d 657, 665 (Ct. App. 2013) ("It is not unlawful for a plaintiff who filed a voluntary dismissal but received a net monetary recovery through settlement to be found to be a prevailing party."). Additionally, under federal law a party to a settlement can be a prevailing party. *See generally Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604 (2001) (explaining that "settlement agreements enforced through a consent decree may serve as the basis for an award of attorney's fees" pursuant to a statute that authorizes awarding attorney fees to the prevailing party). Thus, we conclude that a party to a compromise settlement can be a prevailing party under NRS 18.010(2)(a). *See Albios v. Horizon Cmtys., Inc.*, 122 Nev. 409, 417, 132 P.3d 1022, 1028 (2006) (stating that we review issues of statutory interpretation de novo).

Under 18.010(2)(a), the district court "may make an allowance of attorney's fees to a prevailing party . . . [w]hen the prevailing party has not recovered more than $20,000." Furthermore, "a money judgment is a prerequisite to an award of attorney's fees under [NRS 18.010(2)(a)]."[1]

---

[1]Santa Margarita argues that based upon *Smith v. Crown Financial Services*, Tulelake cannot recover attorney fees under NRS 18.010(2)(a) because it did not receive a money judgment at trial. *See Smith v. Crown Fin. Servs. of Am.*, 111 Nev. 277, 280, 890 P.2d 769, 771 (1995) (stating that "a party may recover attorney fees pursuant to NRS 18.010(2)(a) only if that party received a money judgment *at trial*" (emphasis added)). We, however, view our addition of "at trial" in *Crown Financial Services* to our rule from *Woods*, 107 Nev. at 427, 812 P.2d 1299, as dicta. *See St. James*

*continued on next page . . .*

*Woods v. Label Inv. Corp.*, 107 Nev. 419, 427, 812 P.2d 1293, 1299 (1991), *overruled on other grounds by Hanneman v. Downer*, 110 Nev. 167, 180 n.8, 871 P.2d 279, 287 n.8 (1994). Here, the offer of judgment awarded Tulelake $20,000 and resulted in a money judgment in Tulelake's favor.[2] Thus, we conclude that Tulelake is potentially capable of receiving attorney fees under NRS 18.010(2)(a).[3] Accordingly, we remand for the district court to determine: (1) whether Tulelake was the prevailing party, (2) if so, whether to award Tulelake attorney fees, *see* 18.010(2)(a) ("[T]he

_____

*. . . continued*

*Village, Inc. v. Cunningham*, 125 Nev. 211, 216, 210 P.3d 190, 193 (2009) ("Dictum is not controlling.").

[2]Santa Margarita also contends that Tulelake cannot obtain attorney fees under NRS 18.010(2)(a) because a "judgment" was not entered. Both NRCP 68(d) and NRS 17.115(2)(a) allow for dismissal of the settled claim, instead of a judgment being entered, if the party that owes money under the settlement requests dismissal and pays the offer amount within a reasonable amount of time. Santa Margarita points out that it requested dismissal and paid the offer amount within a reasonable amount of time. We conclude, however, that the offer of judgment, as evidenced by the parties' email exchange in the record, expressly prohibited Santa Margarita from moving for dismissal. *See Ringle v. Bruton*, 120 Nev. 82, 93, 86 P.3d 1032, 1039 (2004) ("When contract language is ambiguous and incomplete . . . extrinsic evidence may be admitted to determine the parties' intent, explain ambiguities, and supply omissions."). Thus, pursuant to the offer of judgment, Tulelake was entitled to have a money judgment entered against Santa Margarita, which satisfies the prerequisite to an attorney fees award. Consequently, we conclude that this argument by Santa Margarita fails.

[3]We have considered the parties' remaining arguments and conclude that they are without merit.

Supreme Court
OF
Nevada

(O) 1947A

3

court *may* make an allowance of attorney's fees to a prevailing party . . . ." (emphasis added)), and (3) if so, how much.[4] Consequently, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:     Hon. Leon Aberasturi, District Judge
        Laurie A. Yott, Settlement Judge
        Law Office of James Shields Beasley
        Law Offices of Roderic A. Carucci
        Wayne A. Pederson, P.C.
        Lyon County Clerk

---

[4]We recognize that the district court found that Tulelake incurred $33,865.00 in attorney fees in order to avoid remand if this court determined that a party to a compromise settlement could be a prevailing party. With this in mind, we still conclude that remand is appropriate because fees from this appeal may be warranted, or the district court could exercise its discretion in another way.

