Filed 9/20/24  Bodero & Associates v. Gorman CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| BODERO & ASSOCIATES, INC.,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>JOHN GORMAN,<br><br>　　　Defendant and Appellant. | A168856<br><br>(San Francisco County<br>Super. Ct. No. CGC-21-596156) |

　　　Defendant John Gorman (Defendant) challenges the attorney fee award issued in this breach of contract action.  We agree that some of the fees awarded were in error, and reverse.

BACKGROUND

　　　In 2020, Defendant retained plaintiff Bodero & Associates, Inc. (Plaintiff) to perform accounting and related services.  The contract signed by the parties (Services Contract) included a provision for prevailing party attorney fees.  In 2021, Plaintiff brought this action for breach of contract.

　　　In March 2023, the parties entered into a settlement agreement (Settlement Agreement).  The Settlement Agreement provides that Defendant will pay Plaintiff $45,000 in three installments, following delivery

1

of certain records to Defendant.  The Settlement Agreement further provides, "Upon any breach by [Defendant] of the payment terms . . . , [Plaintiff] shall have the right to request entry of monetary judgment in the full amount of [Defendant's] liability, FIFTY-THREE THOUSAND DOLLARS ($53,000)."

With respect to attorney fees, the Settlement Agreement provides:

"**12.  ATTORNEYS' FEES AND DAMAGES.**  If any litigation is initiated to interpret or enforce the terms of this Agreement, the prevailing party shall recover reasonable attorneys' fees, experts' fees, and costs.  Upon any material breach of this Agreement, the non-defaulting party shall be entitled to all resulting damages in addition to injunctive relief and/or specific performance of this Agreement.

"**13.  EACH PARTY TO BEAR OWN FEES AND COSTS.**  Except in an action to enforce the terms of this Agreement, each Party to this Agreement is responsible for the payment of his or her own legal fees and expenses and any and all other sums that have been expended in connection with the Action and the claims raised in the Action."[1]

Plaintiff's lawsuit was set for a dismissal hearing in September 2023.  However, in May, Plaintiff moved to enforce the Settlement Agreement, seeking judgment of $53,000.  Following briefing and a hearing, the trial court granted the motion.

Plaintiff subsequently moved for attorney fees, seeking fees incurred since the lawsuit was filed, "as authorized under the [Services Contract] and under the Settlement Agreement."  Defendant opposed the fee motion on multiple grounds, including that Plaintiff was not entitled to fees incurred for work other than enforcing the Settlement Agreement.  The trial court

---

[1] The Settlement Agreement does not define the term "Action," but the only action identified in the Settlement Agreement is the underlying lawsuit.

2

granted Plaintiff's motion and awarded the requested fees, finding, as relevant here, "Attorney fees were authorized by both the parties' original agreement and by their settlement agreement. Fees as to the former were not released by the latter as defendant did not satisfy its obligations under the latter."[2]

## DISCUSSION

The sole issue before us is whether the trial court erred in awarding Plaintiff attorney fees incurred for work other than enforcing the Settlement Agreement.

Plaintiff's motion to enforce the Settlement Agreement sought relief pursuant to Code of Civil Procedure section 664.6, subdivision (a), which authorizes trial courts to "enter judgment pursuant to the terms of the settlement" agreed upon by the parties. " 'The power of the trial court under Code of Civil Procedure section 664.6 . . . is extremely limited.' [Citation.] '[T]he trial court is under a duty to render a judgment that is in exact conformity with an agreement or stipulation of the parties. " . . . It is not the province of the court to add to the provisions thereof [citations]; to insert a term not found therein [citations]; or to make a new stipulation for the parties." ' " (*Machado v. Myers* (2019) 39 Cal.App.5th 779, 792.) Accordingly, the only fees the trial court could permissibly award are those provided for by the Settlement Agreement.

This conclusion is supported by the fact that Plaintiff's $53,000 money judgment was based on the Settlement Agreement alone. Plaintiff did not submit a copy of the Services Contract with its motion to enforce the Settlement Agreement, and did not submit any evidence documenting the

---

[2] The trial court cited a conditional release of claims provision in the Settlement Agreement.

amount Defendant owed Plaintiff other than the terms of the Settlement Agreement. Thus, the $53,000 judgment awarded by the trial court was based on the Settlement Agreement, not the Services Contract.

Plaintiff argues fees pursuant to the Services Contract were authorized by the Settlement Agreement. "In interpreting the settlement agreement, we apply the general rules of contract interpretation. [Citation.] 'The goal of contractual interpretation is to determine and give effect to the mutual intention of the parties. [Citations.]' [Citation.] . . . Because we interpret the parties' settlement agreement without resort to extrinsic evidence, we apply a de novo standard of review." (*Khavarian Enterprises, Inc. v. Commline, Inc.* (2013) 216 Cal.App.4th 310, 318.)

The Settlement Agreement expressly provides the parties will bear their own fees and costs incurred through the date of the Settlement Agreement: "Except in an action to enforce the terms of this Agreement, each Party to this Agreement is responsible for the payment of his or her own legal fees and expenses and any and all other sums that have been expended in connection with the Action and the claims raised in the Action." Plaintiff argues the opening phrase—"Except in an action to enforce the terms of this Agreement"—means that if an enforcement action is brought, the remainder of the provision is negated and the parties can seek fees incurred prior to the Settlement Agreement. We see no basis to so construe the provision. Given that this provision immediately follows the provision authorizing prevailing party fees in an action to enforce the Settlement Agreement, it is most naturally read to except only those fees incurred in enforcing the Settlement Agreement.

Accordingly, because the trial court was not authorized to award fees incurred for work other than enforcing the Settlement Agreement, we reverse

and remand for the court to reduce the judgment by the amount of fees Plaintiff incurred for work other than enforcing the Settlement Agreement.[3]

## DISPOSITION

The judgment is reversed and remanded with direction to the trial court to reduce the judgment by the amount of fees Plaintiff incurred for work other than enforcing the Settlement Agreement.  Defendant shall recover his costs on appeal.

SIMONS, Acting P.J.

We concur.

BURNS, J.
CHOU, J.

(A168856)

---

[3] Because of this conclusion, we need not and do not decide whether Plaintiff was the prevailing party on the Services Contract, as the parties dispute.

5